LYNN TALIT ET AL. *v.* NORTHWEST AIRLINES, INC.
(AC 20017)

Foti, Mihalakos and Zarella, Js.

---

Submitted on briefs March 22—officially released June 6, 2000

*Jeff S. Tager* filed a brief for the appellant (plaintiff).

*Patrick M. Noonan* filed a brief for the appellee (defendant).

*Opinion*

FOTI, J. The named plaintiff, Lynn Talit,[1] appeals from the judgment of the trial court dismissing her complaint.[2] The plaintiff claims that the court abused its discretion by improperly (1) rendering a judgment of dismissal and (2) denying her motion to open the judgment of dismissal. We affirm the judgment of the trial court.

---

[1] The plaintiff Lynn Talit commenced this action individually and as administratrix of the estate of Benjamin Talit. We refer to her as the plaintiff in this opinion.

[2] The record contains neither a memorandum of decision nor a transcript signed by the trial judge, and the plaintiff did not seek an articulation of the court's rulings.

The following facts and procedural history are relevant to the resolution of this appeal. On April 23, 1995, the plaintiff's husband, Benjamin Talit, suffered a fatal heart attack while he was a passenger on an aircraft owned and operated by the defendant, Northwest Airlines, Inc. Thereafter, the plaintiff filed a pro se wrongful death action, claiming that the defendant was negligent in failing to have a defibrillator on board the aircraft, which might have saved her husband's life. Counsel for the plaintiff filed an appearance in addition to the pro se appearance. During a status conference on March 31, 1999, the court raised the issue of whether the defendant had a duty to carry a defibrillator on the flight in question. The parties agreed that at the time of the incident in question, there were no regulations requiring that a defibrillator be carried. The defendant had admitted that it did not equip its aircraft with defibrillators. The plaintiff's counsel asked for an opportunity to locate an expert witness to testify as to the industry standard at the time of the flight regarding the placement of defibrillators on aircraft. If no such expert could be found, it was agreed that the case would be withdrawn.

A deadline for disclosure of the expert was set for June 30, 1999, and discovery on issues unrelated to the presence of a defibrillator would be delayed. A postcard notice was sent by the court clerk's office to the parties setting forth the time, date and place of the next status conference. It noted that "[n]onappearance may result in dismissal, default or sanctions." The status conference was scheduled for 12:30 p.m. on June 30, 1999. One week before the scheduled status conference, defense counsel, through his secretary, attempted to change the time of the status conference with the permission of the plaintiff. When no other time could be agreed on, the date and time of the status conference remained unchanged; the plaintiff's counsel was notified two days

prior to the status conference that the date was still set for June 30, 1999. The plaintiff's counsel then requested a future date because he had made other plans and appointments. This request was made on June 28, 1999, because counsel had been scheduled to work an afternoon shift on June 30, 1999, for the Bloomfield Volunteer Ambulance Association, of which he was a member. On June 29, 1999, defense counsel notified the court that the plaintiff's counsel had not been informed that the status conference had been canceled,[3] and that defense counsel had rearranged his schedule and would attend the status conference at the original time, but would not oppose a motion for a continuance by the plaintiff's counsel. During a telephone conversation on June 29, 1999, the plaintiff's counsel informed the defendant's counsel that he would not be attending the scheduled status conference because he had a real estate closing.

On June 30, 1999, defense counsel appeared for the scheduled status conference. Neither the pro se plaintiff nor her counsel appeared. On July 2, 1999, the court ordered that the action be dismissed, and judgment entered thereafter. On July 19, 1999, the plaintiff's counsel filed a motion to open the judgment, which was denied on August 9, 1999. On August 20, 1999, the plaintiff filed a motion for reargument and reconsideration, which was denied on August 30, 1999. At no time was

[3] There appears to be a conflict here. The plaintiff's counsel alleges that he was informed that the defendant's counsel "definitely could not attend the June 30 status conference and [that he] would not be available until the end of August." The defense counsel denied this. The plaintiff further claims that the defendant's counsel's secretary had told the plaintiff that the status conference had been canceled. The defendant's counsel denies that his secretary ever made such a representation. In any event, the plaintiff's counsel acknowledged that on June 28, 1999, he was informed that the court had not granted a continuance for the original day and time for the status conference, and that the defendant's counsel would be attending. The plaintiff's counsel's request to the court for a continuance was not granted.

there a disclosure of the availability of the critical expert witness. The plaintiff filed this appeal on September 16, 1999.

Our standard of appellate review is whether the court's dismissal of the action or its denial of the plaintiff's motion to open the judgment was an abuse of discretion. See *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 34, 474 A.2d 787 (1984). The court may have acted pursuant to Practice Book § 17-19[4] in ordering a dismissal of the plaintiff's complaint. In denying the plaintiff's motion to open the judgment, the court acted pursuant to Practice Book § 17-43[5] and General Statutes § 52-212a.[6] The court also may have invoked its inherent power in dismissing the matter.

---

[4] Practice Book § 17-19 provides: "If a party fails to comply with an order of a judicial authority or a citation to appear or fails without proper excuse to appear in person or by counsel for trial, the party may be nonsuited or defaulted by the judicial authority."

[5] Practice Book § 17-43 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion."

[6] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The continuing jurisdiction conferred on the court in preadoptive proceedings pursuant to subsection (h) of section 17a-112 does not confer continuing jurisdiction on the court for purposes of reopening a judgment terminating parental

It would appear from the record before us that the court properly exercised its authority in dismissing the action when the pro se plaintiff and her counsel failed to appear for a status conference specifically scheduled for the purpose of disclosing an expert witness who would testify that in April, 1995, the airline industry standard was to carry a defibrillator on the type of aircraft at issue.[7] "It is an inherent power of the court to . . . provide for the imposition of reasonable sanctions to compel the observance of its rules." (Internal quotation marks omitted.) *Gionfrido* v. *Wharf Realty, Inc.*, supra, 193 Conn. 33. There are three possible sources for the authority of courts to sanction counsel and pro se parties. These are the court's inherent power to control the proceedings before it, the power delegated to it by statute and the power conferred by published rules of the court. The power of a court to manage its own affairs so as to achieve an orderly and expeditious disposition of cases exists independently of the power recognized by rule or statute. *Srager* v. *Koenig*, 42 Conn. App. 617, 620, 681 A.2d 323, cert. denied, 239 Conn. 935, 936, 684 A.2d 709 (1996).

The plaintiff first claims that the court abused its discretion in dismissing her complaint, given the circumstances that the matter was not scheduled for trial, but rather only for a status conference. The parties acknowledge that the court's action was a disciplinary dismissal. That the matter was not scheduled for trial is of no relevance. The plaintiff also argues that the

rights. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court, provided the filing of an amended petition for termination of parental rights does not constitute a waiver of the provisions of this section or a submission to the jurisdiction of the court to reopen a judgment terminating parental rights."

[7] At the March 31, 1999 conference, the court agreed to stay all other discovery issues until the expert witness question was resolved. The plaintiff, however, filed numerous discovery requests in April, 1999, which subsequently were ordered stayed until after the June 30, 1999 conference.

plaintiff's counsel "clearly understood opposing counsel's representative to report that a continuance had been granted by the court." The court set a deadline date for disclosing an expert witness, an issue possibly dispositive of the action itself. The plaintiff chose to ignore that date. The plaintiff's counsel knew two days before the scheduled status conference that the defendant's counsel would be attending and that the court would not continue the matter. The plaintiff's counsel chose to spend his afternoon of June 30, 1999, with the Bloomfield Volunteer Ambulance Association, with full knowledge that failure to attend the scheduled status conference could lead to a dismissal of the action.

"An order of the court must be obeyed until it has been modified or successfully challenged." *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 234–35, 543 A.2d 728 (1988). "In the event of noncompliance with a court order, the directives of caseflow management authorize trial courts, in appropriate circumstances, to take action against either the errant attorney or the litigant who freely chose the attorney." *Ruddock* v. *Burrowes*, 243 Conn. 569, 575, 706 A.2d 967 (1998). We conclude that the court's action was within the bounds of sound judicial discretion.

The plaintiff next argues that the court abused its discretion in denying her motion to open the judgment. The court's denial of the plaintiff's motion to open cannot be held to be an abuse of discretion if it appears that the plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause. *Stephen* v. *Hoerle*, 39 Conn. App. 253, 257, 664 A.2d 817, cert. denied, 235 Conn. 928, 667 A.2d 555 (1995); see also General Statutes § 52-212. There also must be a showing that a good cause of action existed at the time the judgment of dismissal was rendered. General Statutes § 52-212 (a); *Jaconski* v. *AMF, Inc.*, supra, 208 Conn. 237. The plaintiff has failed to satisfy

either of those requirements, and the record does not support her claim that the court abused its discretion in denying her motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.