[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY 
The plaintiff, Lynn Taut, has filed a second complaint against Northwest Airlines alleging wrongful death of her husband. The first action was dismissed because plaintiff's counsel failed to appear for a pretrial conference scheduled for the purpose of making disclosure of an expert witness which is essential to the viability of the case. The plaintiff filed a Motion to Reopen the judgment of dismissal and a Motion to Reconsider, both of which were denied. The plaintiff then appealed to the Appellate Court and the Appellate Court unanimously affirmed the judgment of the trial court noting that the plaintiff's counsel had made a choice to fail to appear and had never disclosed the official expert witness as required by the trial court. Talit v. Northwest Airlines,Inc., 58 Conn. App. 102 (2000). These motions were brought under the terms of C.G.S. Section 52-212.
The current action was brought under the provision of C.G.S. Section 52-592, Accidental Failure of Suit statute.
The defendant has filed a Motion for Summary Judgment. Such a motion should be granted if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, Practice Book Section 7-49. The Court must view the evidence in the light most favorable to the plaintiff but the plaintiff must provide an actual CT Page 1830-dd evidentiary foundation to demonstrate the existence of a genuine issue of material fact to avoid summary judgment. Dotty v. Musci, 238 Conn. 800,805-06 (1996). The plaintiff cannot merely allege generally that a genuine issue of material fact exists. Connecticut National Bank v. GreatNeck Development Company, Inc., 215 Conn. 143, 148 (1990).
In the opinion of this Court exactly the same facts are at issue now as were at issue in the judgment of dismissal of the first complaint. In that case it was determined that the plaintiff's counsel's failure to appear was not the result of mistake, accident, or other reasonable cause as required by Conn. Gen. Statute 52-212. This Court is now called upon to determine if the same facts establish that plaintiff's counsel's failure to appear caused a dismissal for a "matter of form" which would bring the conduct within the scope of Gen. Statute 52-592. In the case ofRuddock v. Burrowes, 243 Conn. 563 (1998) the Supreme Court in finding that disciplinary dismissals are not excluded categorically from the relief afforded by Sections 52-592 stated that a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was "matter of form" in the sense that the plaintiff's non-compliance with a court order occurred in circumstances such as mistake, inadvertence, or excusable neglect. It further stated that not all attorney transgressions can be overlooked. Caseflow management dictates the judicial system cannot be controlled by litigants and cases cannot be allowed to drift aimlessly through the system. Id. at 575.
The explanation of counsel at the hearing on this Motion for Summary Judgment does not differ from that before the first trial court and before the Appellate Court. In the opinion of this Court there was no mistake, no inadvertence, and no excusable neglect in the actions of counsel. The prior dismissal was not a matter of form. In addition there is a very questionable issue as to whether or not there was a viable cause of action since no expert was ever produced. In the opinion of this Court the pleadings and all proof submitted show that there is no genuine issue as to any material fact, all having been determined in the prior action, and that the moving party is entitled to a judgment as a matter of law.
The Motion for Summary Judgment is granted.
Hale, JTR CT Page 1830-de