[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A default judgment is entered in favor of the plaintiff on the complaint and a nonsuit is entered against the defendants on their counterclaim. The matter shall proceed on the remaining issues of damages for the reasons stated below.
This matter was before the court for a trial management hearing duly noticed by the court. Counsel for the plaintiff and the defendants were present, but the individual defendant who had filed a pro se appearance and was the sole repository of facts surrounding the dispute was not present. The case had previously been scheduled for a trial and the trial date was May 2, 2002. As indicated below, all parties were aware of the trial date months in advance. In fact, it is the policy of the court to allow attorneys to select their trial date and not to grant requests to reschedule absent good cause. At the trial management hearing, the defendants' counsel's second pending motion to withdraw was scheduled to be heard on the trial date.
On the date of trial, the individual defendant was once again not present although both the attorney for the defendants, Attorney Smith, and the attorney for the plaintiff were present. In the afternoon of the day prior to the trial date, the case flow office received a letter from a Pennsylvania attorney ("Attorney Noonan") representing himself to be general counsel for the corporate defendant and requesting a continuance of the trial due to a recent discovery that the corporation's counsel had CT Page 5674 a conflict of interest. In reliance on his representations, the court granted a continuance. Unbeknownst to the court, Attorney Noonan did not notify either attorney of record in the case of his request.
The attorneys of record appeared on the trial date, May 2, 2002. At a hearing conducted by the court on that date, Attorney Smith, counsel for the defendants disavowed the court of the notion that a conflict had recently arisen by informing the court that the conflict arose when the individual defendant, Alan Loeser, accused Attorney Smith's partner of legal malpractice in February of 2002.
Since that time, the individual defendant refused to communicate with Attorney Smith's firm except to request that a copy of the file be sent to another attorney, a request which was honored. Mr. Loeser's refusal to communicate and failure to retain another attorney prevented Attorney Smith's firm from defending the case by depriving counsel of information necessary to defend the case and alternatively forwarding the matter elsewhere. Attorney Smith's attempted to communicate with the individual defendant by registered mail were rebuffed and rendered fruitless; his registered letters were all returned and one was returned stamped by the post office "refused".
The defendant's lack of diligence in defending the case and prosecuting their counter claim was further substantiated. The court granted a one day continuance of the trial at the request of Attorney Noonan so that he might appear pro hac vice and defend the case. On the continued date, Attorney Noonan did not appear. Attorney Noonan asked Andrew Finestein to be present and avert a default. Attorney Finestein did not enter an appearance and stated that he was not prepared to defend the case. Upon questioning by the court, Attorney Finestein informed the court that he had been contacted by the defendants on February 8, 2002 concerning his possible representation of them in lieu of Attorney Smith's firm. At that time he was also informed at that the trial was scheduled for May 2, 2002. He subsequently received and reviewed the file and on April 2, 2002 he sent a retained letter to the defendants. The defendants failed to respond. Attorney Finestein heard nothing further until Mr. Noonan called him on May 2, 2002, the date of the trial, asking him to appear before the court on May 3, 2002 and avert a default. As stated earlier, Attorney Finestein was not prepared to nor had he been retained to try the case on May 3, 2002, although he conceivably could have been had the defendants returned his retainer letter or otherwise responded.
On the basis of the aforesaid facts, the court finds that the defendant, Alan Loeser, having filed a pro se appearance and repeatedly failed to appear in court pursuant to court orders, case flow notices and the Rules of Court, has failed to comply with court orders; that the CT Page 5675 defendants, Alan D. Loeser Co. and Alan D. Loeser have failed to take reasonable steps to defend and prosecute the case, and further that the aforesaid failures have and threaten to continue to obfuscate and preclude the court's case management. Accordingly, the court hereby exercises it's inherent power by entering the aforesaid disciplinary orders. Lynn Talit et al. v. Northwest Airlines, Inc., 58 Conn. App. 102,752 A.2d 1131 (2000); et al Suzanne M. Searles v. Natalie Schulman etal., 58 Conn. App. 373, 753 A.2d 420 (2000); Rohan Ruddock et al. v.Donnette Burrowes, et al., 243 Conn. 569, 706 A.2d 967 (1998).
Bryant, J.