JASMIN RZAYEVA *v.* 75 OXFORD
STREET, LLC, ET AL.
(AC 29123)

Gruendel, Beach and West, Js.

Argued September 18—officially released October 28, 2008

*Jasmin Rzayeva,* pro se, the appellant (plaintiff).

*Robert Shluger,* for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Jasmin Rzayeva, appeals to this court following the denial of her motion to open the judgment of dismissal rendered by the trial court in favor of the defendants, 75 Oxford Street, LLC, the

city of Hartford and the department of social services.[1] On appeal, the plaintiff claims that the court abused its discretion in denying her motion to open. We affirm the judgment of the trial court.

The record reflects the following facts and procedural history. The plaintiff filed a housing code enforcement action in May, 2007, in which she complained of dangerous and unhealthful conditions resulting from mysterious vibrations in the floors and walls of her apartment. The defendants moved to dismiss the action. In their motion, the defendants argued that the plaintiff had not alleged a housing code violation, nor did her allegations fall within the responsibility of a landlord under General Statutes § 47a-7 (a). The court granted the defendants' motion to dismiss on June 4, 2007, after the plaintiff failed to attend the hearing on the motion to dismiss. The plaintiff filed a motion for reconsideration in which she sought to open the judgment of dismissal because she allegedly had not received notice of the hearing. The court held a hearing on the plaintiff's motion, after which it granted reconsideration but declined to open the judgment of dismissal. This appeal followed.

Whether to grant a motion to open rests in the discretion of the trial court. *In re Ilyssa G.*, 105 Conn. App. 41, 45, 936 A.2d 674 (2007), cert. denied, 285 Conn. 918, 943 A.2d 475 (2008). "The court's denial of the plaintiff's motion to open cannot be held to be an abuse of discretion if it appears that the plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause. . . . There also must be a showing that a good cause of action existed at the time the judgment of dismissal was rendered." (Citations omitted.) *Talit* v. *Northwest Airlines, Inc.*, 58 Conn.

---

[1] The only defendant that filed a brief in this appeal was 75 Oxford Street, LLC.

App. 102, 108, 752 A.2d 1131 (2000); see also General Statutes § 52-212 (a); Practice Book § 17-43.

In this case, the court denied the plaintiff's motion to open the judgment for a number of reasons, including that the plaintiff did not fail to appear because of mistake, accident or other reasonable cause but, rather, wilfully failed to appear. In so concluding, the court found that the court notice reflected that a hearing on the defendants' motion to dismiss was to be held on June 4, 2007. It further found that the plaintiff was in the courthouse at noon on June 4, 2007, for the purpose of meeting with a housing specialist and the defendants in an effort to mediate the case. It additionally found that the housing specialist informed the plaintiff of her need to go into court at the conclusion of the mediation but that the plaintiff instead left the building. The court concluded that the plaintiff made a wilful decision to leave the courthouse despite clear notice of the scheduled hearing and, as such, did not demonstrate that she failed to appear because of mistake, accident or other reasonable cause.

We agree with the court that the plaintiff has not demonstrated that she failed to appear because of mistake, accident or other reasonable cause. The plaintiff had notice of the June 4, 2007 hearing on the defendants' motion to dismiss but chose not to appear. See *Wilson v. Troxler*, 91 Conn. App. 864, 872, 883 A.2d 18 ("[a] court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority" [internal quotation marks omitted]), cert. denied, 276 Conn. 928, 929, 889 A.2d 819, 820 (2005). We conclude that the court did not abuse its discretion in denying the plaintiff's motion to open the judgment of dismissal.

The judgment is affirmed.