******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NHAN VU *v.* N. L.*
(AC 46645)

Elgo, Suarez and Clark, Js.

*Syllabus*

The plaintiff appealed from the judgment of the trial court denying his motion to open the judgment of dismissal rendered for the defendant. The plaintiff claimed that the court abused its discretion in denying his motion to open. *Held*:

The trial court did not abuse its discretion in denying the motion to open the judgment, as the court reasonably could have concluded that, although an alleged calendaring mistake by the plaintiff's counsel led to the plaintiff's absence from the hearing on the motion to dismiss, it did not excuse the plaintiff's failure to respond to the defendant's motion to dismiss in the previous three months, well beyond the thirty day time period specified in our rule of practice (§ 10-31 (a)).

Argued September 13—officially released November 26, 2024

*Procedural History*

Action to recover damages for, inter alia, breach of fiduciary duty, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Knox.*, *J.*, granted the defendant's motion to dismiss and rendered judgment thereon; thereafter, the court denied the plaintiff's motion to open the judgment, and the plaintiff appealed to this court. *Affirmed*.

*Clifford S. Thier*, for the appellant (plaintiff).

*N. L.*, self-represented, the appellee (defendant).

*Opinion*

ELGO, J. The plaintiff, Nhan Vu, appeals from the judgment of the trial court denying his motion to open

---

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

the judgment of dismissal rendered in favor of the self-represented defendant, N. L. On appeal, the plaintiff claims that the court abused its discretion in denying his motion to open. We affirm the judgment of the trial court.

The relevant facts are not in dispute. On September 7, 2022, the plaintiff commenced a civil action against the defendant sounding in theft and breach of fiduciary duty. The return date specified on his summons and complaint was September 20, 2022. On that date, the plaintiff filed his return of service.

On October 17, 2022, the defendant filed a motion to dismiss predicated on the plaintiff's failure to comply with General Statutes § 52-46a, which requires process in civil actions to be returned to the clerk of the Superior Court "at least six days before the return day." There is no indication in the record that the court acted on that motion to dismiss.

On October 27, 2022, the plaintiff filed a "motion for leave to amend the return date on the summons and complaint."[1] In that motion, the plaintiff requested permission to amend his complaint to specify a revised return date of November 8, 2022. The defendant filed an objection to that request, in which she averred that the claims set forth in the complaint were (1) "factually untrue" and (2) barred by the statute of limitations contained in General Statutes § 52-577. On November 22, 2022, the court overruled the defendant's objection, stating that the defendant had provided an "[i]mproper legal basis to object to a request to amend." At the same time, there is no indication in the record that the court

---

[1] Because more than thirty days had passed since the return day, the plaintiff was not permitted to amend his complaint as of right. See Practice Book § 10-59. He therefore was required under our rules of practice to obtain permission to do so "[b]y order of judicial authority . . . ." See Practice Book § 10-60.

granted the plaintiff's motion for leave to amend his summons and complaint.

On December 14, 2022, the defendant, now represented by counsel, filed an amended motion to dismiss the plaintiff's original complaint on the ground that the process was not returned to the clerk of the Superior Court at least six days before the return date, as required by § 52-46a.[2] On January 24, 2023, the plaintiff requested

[2] On appeal, the plaintiff contends that his October 27, 2022 filing of a request to amend his original complaint and summons rendered the defendant's December 14, 2022 amended motion to dismiss "moot ab initio" because any defects in his original complaint had been cured by that filing. The plaintiff has provided this court with no authority for that proposition in the context of amendments sought pursuant to Practice Book § 10-60. Although the plaintiff was permitted under our rules of practice to amend any defect in his original complaint as of right "during the first thirty days after the return day"; Practice Book § 10-59; he did not do so. Instead, he filed a request for leave to amend his original complaint beyond that time period pursuant to Practice Book § 10-60 on October 27, 2022. Because the defendant did not consent to that request and filed an objection thereto, the plaintiff was obligated under our rules of practice to secure an "order of judicial authority" to permit the requested amendment. See Practice Book § 10-60 (a) (1). The record before us lacks such an order by the court.

To be sure, the court overruled the defendant's objection to the plaintiff's request. The court nevertheless did not grant the plaintiff's request to amend his original complaint or enter an order to that effect. Rather, the court simply stated that the defendant had set forth an "[i]mproper legal basis to object to a request to amend." There also is no indication in the record that the plaintiff affirmatively attempted to obtain a ruling from the court on his request for permission to amend his original complaint. As a result, the record lacks any ruling by the court on that request. See, e.g., *Acadia Ins. Co.* v. *O'Reilly*, 138 Conn. App. 413, 415, 53 A.3d 1026 (2012) (no indication in record that trial court ever acted on plaintiff's request for permission to amend complaint), cert. denied, 308 Conn. 904, 61 A.3d 1097 (2013).

"It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record . . . to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *McCarthy* v. *Chromium Process Co.*, 127 Conn. App. 324, 335, 13 A.3d 715 (2011). The plaintiff in the present case did not request an articulation from the trial court as to the basis of its April 17, 2023 decision and whether it had concluded that his original complaint remained operative. Because the court granted the defendant's December 14, 2022 amended motion to dismiss *the plaintiff's original complaint*, we reasonably may

a continuance of argument on the defendant's motion to dismiss at short calendar. The court granted that continuance request and thereafter ordered an "in person hearing" on the defendant's motion, which was scheduled for March 20, 2023. (Emphasis omitted.)

It is undisputed that both the defendant and her legal counsel appeared in court for the scheduled hearing on March 20, 2023. The plaintiff also appeared and filed another motion for a continuance at that time, stating that his counsel was out of state. The court granted that continuance request as well.

The hearing on the motion to dismiss was rescheduled and ultimately held on April 17, 2023. Neither the plaintiff nor his counsel appeared at that hearing. By order dated April 17, 2023, the court stated: "The motion to dismiss is granted with prejudice. The plaintiff did not file an opposition to the motion to dismiss nor appear at the hearing, which was duly noticed and scheduled, on April 17, 2023. Accordingly, a judgment of dismissal shall enter."[3]

presume that the court determined that the defendant's October 27, 2022 request to amend his original complaint had not been granted and that his original complaint remained operative. See, e.g., *White* v. *Latimer Point Condominium Assn., Inc.*, 191 Conn. App. 767, 780–81, 216 A.3d 830 (2019) ("This court will neither speculate with regard to the rationale underlying the court's decision nor, in the absence of a record that demonstrates that error exists, presume that the court acted erroneously. . . . [We] do not presume error; the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary." (Citations omitted; internal quotation marks omitted.)). This case, therefore, is not one in which the defendant's amended motion to dismiss was patently meritless, as the plaintiff suggests.

[3] In his appellate brief, the plaintiff argues that it is improper for a trial court to render a judgment of dismissal in response to the failure of a party or its counsel to appear at a scheduled court proceeding. The precedent of this court indicates otherwise. See *Rzayeva* v. *75 Oxford Street, LLC*, 111 Conn. App. 77, 78, 957 A.2d 539 (2008) (trial court rendered judgment of dismissal "after the plaintiff failed to attend the hearing on the motion to dismiss"); *Talit* v. *Northwest Airlines, Inc.*, 58 Conn. App. 102, 107, 752 A.2d 1131 (2000) (trial court rendered judgment of dismissal after "[the] plaintiff and her counsel failed to appear for a status conference").

On May 8, 2023, the plaintiff filed a motion to open the judgment of dismissal pursuant to General Statutes § 52-212a and Practice Book § 17-4, alleging that his "failure to appear or oppose the motion to dismiss resulted from mistake, accident, inadvertence, reasonable cause, or excusable neglect . . . ." In support thereof, the plaintiff's counsel, Attorney Clifford S. Thier, provided an affidavit, in which he stated that his travel on March 21, 2023, his subsequent positive test for COVID-19 on March 22, 2023, and his "brain fog" allegedly related to COVID-19 caused him to calendar the wrong date of the April 17, 2023 hearing.

On May 17, 2023, the defendant, again acting in a self-represented capacity, filed an objection to the plaintiff's motion to open the judgment of dismissal. In that objection, the defendant argued, inter alia, that, because the plaintiff's counsel "receives reminders via mail, email, text, etc.," his failure to appear for the April 17, 2023 hearing was "inexcusable." The defendant also stated that, when she appeared at court on March 20, 2023, she witnessed the plaintiff at "the clerk's office confirming that the hearing [on the motion to dismiss] would be rescheduled for April 17, 2023, at 10:30 a.m." In addition, the defendant averred that the plaintiff had brought a prior action against her that was "essentially about the same" subject matter, which action too resulted in a judgment of dismissal in her favor.[4]

---

[4] "It is well established that an appellate court may take judicial notice of the court files in another suit between the parties . . . ." (Internal quotation marks omitted.) *Ammar I.* v. *Evelyn W.*, 227 Conn. App. 827, 835 n.9,     A.3d     (2024). We note that, by order dated March 2, 2022, the trial court rendered a judgment of dismissal in favor of the defendant in the plaintiff's prior civil action against her "as a sanction for the plaintiff's failure to appear for the trial management conference after receiving notice of the conference . . . ." *Vu* v. *Lewis*, Superior Court, judicial district of New Britain, Docket No. CV-21-5029878-S (March 2, 2022). The plaintiff did not challenge the propriety of that judgment of dismissal by way of appeal to this court.

The plaintiff filed a reply to the defendant's objection on May 22, 2023, and the defendant filed a surreply on June 12, 2023. The court heard argument from the parties on June 26, 2023. The court thereafter denied the motion to open, finding that (1) "the plaintiff had sufficient notice and opportunity to respond to the motion to dismiss," (2) the plaintiff had not addressed "his numerous opportunities to respond to the motion to dismiss" in light of the multiple continuances that the court had granted, and (3) the plaintiff had not shown that the dismissal was "based on mistake, error or excusable neglect." From that judgment, the plaintiff now appeals.

On appeal, the plaintiff claims that the court improperly denied his motion to open the judgment of dismissal. We disagree.

It is well established that the courts of this state "have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice. . . . Pursuant to [§] 52-212a, a civil judgment may not be opened unless a motion to open is filed within four months following the date on which it was rendered. When a motion to open is timely filed, our review is limited to whether the court has acted unreasonably or has abused its discretion." (Citation omitted; internal quotation marks omitted.) *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 541, 37 A.3d 766 (2012). "A motion to open . . . a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably

conclude as it did." (Internal quotation marks omitted.) *Bhatia* v. *Debek*, 287 Conn. 397, 417, 948 A.2d 1009 (2008).

On appeal, the plaintiff claims that the affidavit provided by Thier demonstrates that his failure to appear at the April 17, 2023 hearing was due to "a calendaring error," which authorized the court to set aside the judgment of dismissal. In so arguing, the plaintiff relies on *Trumbull* v. *Palmer*, 161 Conn. App. 594, 129 A.3d 133 (2015), cert. denied, 320 Conn. 923, 133 A.3d 458 (2016), for the proposition that a trial court "may set aside the dismissal upon a timely motion explaining that the error resulted from a mistake . . . ."[5]

We do not disagree with the plaintiff in that regard. Our precedent recognizes that the trial court is empowered to grant a timely motion to open a judgment of dismissal upon such a showing, as *Trumbull* illustrates. See *Trumbull* v. *Palmer*, supra, 161 Conn. App. 600. At the same time, while a court *may* grant a motion to open a judgment in such circumstances, it is under no obligation to do so. Rather, the court retains discretion to grant a motion to open in light of the particular facts and procedural history of each case.[6] See *Rzayeva* v. *75 Oxford Street, LLC*, 111 Conn. App. 77, 78, 957 A.2d

---

[5] *Trumbull* did not involve a challenge to the trial court's exercise of its discretion to grant a motion to open. The issue in that case was whether the court lacked authority to do so. See *Trumbull* v. *Palmer*, supra, 161 Conn. App. 596.

[6] The particular facts and procedural history surrounding a judgment of dismissal are critical considerations in a court's determination as to whether to exercise its discretion to grant a motion to open. For example, we note that *Trumbull*, like the present case, involved a plaintiff's attorney who mistakenly believed a court proceeding was scheduled on a different day. See *Trumbull* v. *Palmer*, supra, 161 Conn. App. 597. *Prior* to receiving any notice that a judgment of dismissal had been rendered in that case, the plaintiff's attorney "realized his mistake, contacted the court, and [then] learned of the dismissal." Id. In the present case, by contrast, it was only *after* receiving notice of the judgment of dismissal that Thier raised the issue of the alleged mistake on his part.

539 (2008) ("[w]hether to grant a motion to open [a judgment of dismissal] rests in the discretion of the trial court").

In the present case, the plaintiff attributes an alleged mistake on the part of Thier in calendaring the April 17, 2023 hearing due to his travel on March 21, 2023, his subsequent positive test for COVID-19 on March 22, 2023, and his related "brain fog." Although that alleged mistake may explain his failure to appear at the April 17, 2023 hearing, it does not explain his failure to respond in any manner to the defendant's amended motion to dismiss for more than three months prior to his travel in late March and subsequent illness, well beyond the thirty day time period specified in our rules of practice for parties to respond to motions to dismiss. See Practice Book § 10-31 (a).

In ruling on the motion to open, the trial court expressly found that "the plaintiff had sufficient notice and opportunity to respond to the motion to dismiss" and emphasized that he had not addressed "his numerous opportunities to respond to the motion to dismiss" in light of the multiple continuances that had been granted by the court. Because the explanation provided in Thier's affidavit pertained solely to events occurring after March 20, 2023, the court reasonably could have concluded that it did not excuse the plaintiff's failure to respond to the defendant's amended motion to dismiss in the previous three months. Moreover, because this court presumes that the trial court undertook the proper analysis of the law; see *White* v. *FCW Law Offices*, 228 Conn. App. 1, 8, 323 A.3d 406 (2024); we presume that the court was aware that, under Connecticut law, our trial courts are authorized to render a judgment of dismissal in response to the failure of a party or its counsel to appear at a scheduled court proceeding. See *Rzayeva* v. *75 Oxford Street, LLC*, supra, 111 Conn. App. 78 (trial court rendered judgment

of dismissal "after the plaintiff failed to attend the hearing on the motion to dismiss"); *Talit* v. *Northwest Airlines, Inc.*, 58 Conn. App. 102, 107, 752 A.2d 1131 (2000) (trial court rendered judgment of dismissal after "[the] plaintiff and her counsel failed to appear for a status conference").

In addition, our Supreme Court has observed that it is "well within the power of the trial court to take judicial notice of court files of other suits between the same parties . . . ." *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 591, 409 A.2d 1029 (1979). Here, the court may have taken judicial notice of the fact that the plaintiff's prior civil action against the defendant involving a similar set of facts was dismissed by the trial court as a "sanction" for the plaintiff's failure to appear at a scheduled trial management conference; see footnote 4 of this opinion; particularly in light of the fact that the defendant apprised the court of that prior action in her objection to the motion to open.

Furthermore, we reiterate that the plaintiff did not seek an articulation from the trial court in this case. See footnote 2 of this opinion. As a result, we may presume that the court, in granting the defendant's December 14, 2022 motion to dismiss the plaintiff's original complaint, determined that the defendant's motion was meritorious in light of the plaintiff's conceded noncompliance with § 52-46a with respect to his original complaint. See, e.g., *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 739 n.25, 937 A.2d 656 (2007) ("in the absence of an articulation . . . [an appellate court will] presume that the trial court acted properly"); *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 190 n.1, 932 A.2d 467 (2007) (when decision lacks specificity, Appellate Court presumes trial court made necessary findings and determinations supported by record on which judgment is predicated), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008).

A challenge to the propriety of a court's decision to deny a motion to open a judgment of dismissal is reviewed pursuant to the abuse of discretion standard. See *Rzayeva* v. *75 Oxford Street, LLC*, supra, 111 Conn. App. 78. Under that standard, "the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bhatia* v. *Debek*, supra, 287 Conn. 417. On our review of the record before us, we cannot conclude that the court abused its discretion in denying the motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.