# WILLIAM PRIEST ET AL. *v.* KEVIN W. EDMONDS ET AL.
## (SC 18407)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.

Argued December 7, 2009—officially released March 16, 2010

*Margaret R. Jordan Addo*, for the appellants (defendants).

*Paul H. D. Stoughton*, with whom, on the brief, was *Joshua S. Chapps*, for the appellees (plaintiffs).

*Opinion*

VERTEFEUILLE, J. The defendant, Kevin W. Edmonds, individually and doing business as Prescott Builders,[1] appeals from the trial court's denial of his motion to open a default judgment and for a directed verdict. He claims that the trial court abused its discretion in denying the motion. The plaintiffs, William Priest

---

[1] For purposes of convenience, in this opinion we refer to Edmonds in both capacities as the defendant.

and Christine Vannie, respond that the trial court properly exercised its discretion by denying the defendant's motion to open. We conclude that the record is inadequate for our review and, therefore, we decline to review the merits of the defendant's claim.[2]

The following facts and complex procedural history give rise to this appeal. In the underlying civil action, the plaintiffs alleged that the defendant breached his contract, committed fraud and violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., in failing to complete the construction of an addition to their home. The defendant responded by filing a two count counterclaim and several special defenses. The case was then scheduled for trial.

Two days before the trial, the defendant's counsel notified the plaintiffs' counsel that the defendant, who had moved out of Connecticut, would be unable to appear personally at the trial due to out-of-state work obligations, and filed a motion for a continuance. The plaintiffs' counsel objected to the motion, and the trial court denied it. On the day of trial, but before the trial commenced, the plaintiffs, citing Practice Book § 17-19,[3] orally moved for a default judgment against the defendant for his failure to appear personally for trial. The plaintiffs claimed that the defendant should have been aware of their intent to call him as a witness as he was included on the witness list, and that their inability to do so prejudiced their case. The defendant's counsel responded that because she was present for trial, the defendant appropriately appeared and the trial should

[2] We therefore do not consider the heart of the defendant's appeal, which is whether the trial court properly entered the underlying default for failure to appear for trial.

[3] Practice Book § 17-19 provides: "If a party fails to comply with an order of a judicial authority or a citation to appear or fails without proper excuse to appear in person or by counsel for trial, the party may be nonsuited or defaulted by the judicial authority."

proceed.[4] The trial court nevertheless granted the plaintiffs' oral motion for default, entered a default against the defendant and ordered that the matter proceed as a hearing in damages. During an ensuing recess, the parties' counsel agreed to the amount of damages to be awarded, and the trial court thereafter rendered judgment for the plaintiffs in accordance with that stipulation.

The defendant did not appeal from the default judgment. Rather, after waiting almost four months, the defendant's counsel filed a motion to open the default judgment. In that motion, the defendant contended that the trial court improperly had defaulted the defendant for failure to appear for trial, contrary to the provisions of Practice Book § 17-19. The plaintiffs objected to the motion to open on several grounds, including that it was not verified by oath by the defendant or his attorney as required by General Statutes § 52-212 (b)[5] and Practice Book § 17-43,[6] and that the defendant had not alleged reasonable cause as required by § 52-212 (a)[7] to open the judgment.

[4] Although the defendant's counsel did not cite Practice Book § 17-19, that provision clearly supports her position. The rule provides that a default may be entered when a party "fails without proper excuse to appear in person *or by counsel* for trial . . . ." (Emphasis added.) Practice Book § 17-19.

[5] General Statutes § 52-212 (b) provides: "The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear."

[6] Practice Book § 17-43 (a) provides in relevant part: "Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. . . ."

[7] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a

Both parties filed memoranda of law with the court; however, the defendant did not request oral argument on his motion. The trial court denied the motion to open without conducting a hearing or issuing a memorandum of decision. The trial court marked the motion "denied," and signed and dated the order. The defendant subsequently appealed from the denial of his motion to the Appellate Court.[8]

On appeal, the defendant asserts, inter alia, that the trial court abused its discretion in denying his motion to open the default judgment. In particular, the defendant contends that the underlying entry of a default judgment constituted plain error, thereby requiring the trial court to grant the subsequent motion to open. The plaintiffs respond that the trial court properly denied the motion. Specifically, the plaintiffs contend that the trial court did not abuse its discretion because it could not properly have considered the merits of the underlying default judgment due to the defendant's failure to satisfy the statutory requirements necessary to open the judgment. Moreover, the plaintiffs assert that the defendant did not file the motion to open in the correct form. We affirm the trial court's decision denying the defendant's motion to open.

At the outset, we set forth the relevant legal principles and standard of review for motions to open a default judgment. "Except in cases in which a judgment has been obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment, the power of a court to open a judgment after a default has entered

good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[8] We subsequently transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

is controlled by statute." *Flater* v. *Grace*, 291 Conn. 410, 418–19, 969 A.2d 157 (2009). Pursuant to General Statutes § 52-212 (a), a trial court may set aside a default judgment within four months of the date it was rendered provided that the aggrieved party shows reasonable cause or that a good cause of action or defense existed at the time the judgment was entered. The aggrieved party must additionally demonstrate that he was prevented by mistake, accident or other reasonable cause from prosecuting or defending the original action. General Statutes § 52-212 (a); see footnote 7 of this opinion; see also Practice Book § 17-43 (a).[9]

"It is well established that the action of the trial court, in either granting or denying a motion to open a default judgment, lies within its sound discretion. A trial court's conclusions are not erroneous unless they violate law, logic, or reason or are inconsistent with the subordinate facts in the finding." (Internal quotation marks omitted.) *Costello* v. *Hartford Institute of Accounting, Inc.*, 193 Conn. 160, 166–67, 475 A.2d 310 (1984). "Once the trial court has refused to open a judgment, the action of the court will not be disturbed on appeal unless it has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 711, 462 A.2d 1037 (1993); *TLC Development, Inc.* v. *Planning & Zoning Commission*, 215 Conn. 527, 533–34, 577 A.2d 288 (1990).

---

[9] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

"Because opening a judgment is a matter of discretion
. . . [t]he exercise of equitable authority is vested in
the discretion of the trial court and is subject only to
limited review on appeal. . . . We do not undertake a
plenary review of the merits of a decision of the trial
court to grant or to deny a motion to open a judgment.
The only issue on appeal is whether the trial court has
acted unreasonably and in clear abuse of its discretion.
. . . In determining whether the trial court abused its
discretion, this court must make every reasonable pre-
sumption in favor of its action." (Internal quotation
marks omitted.) *Chapman Lumber, Inc.* v. *Tager,* 288
Conn. 69, 94–95, 952 A.2d 1 (2008). "The theory underly-
ing these rules governing the vacating of judgments is
the equitable principle that once a judgment is rendered
it is to be considered final . . . and should be left
undisturbed by post-trial motions except for a good and
compelling reason." (Citations omitted.) *Steve Viglione
Sheet Metal Co.* v. *Sakonchick,* supra, 190 Conn. 713.

In an appeal from the denial of a motion to open, the
appellant must abide by established appellate proce-
dure. "This court recently has reiterated the fundamen-
tal point that [i]t is incumbent upon the [appellant]
to take the necessary steps to sustain [his] burden of
providing an adequate record for appellate review. . . .
Our role is not to guess at possibilities . . . but to
review claims based on a complete factual record devel-
oped by a trial court. . . . Without the necessary fac-
tual and legal conclusions furnished by the trial court
. . . any decision made by us respecting [the appel-
lant's claims] would be entirely speculative." (Internal
quotation marks omitted.) *Ravetto* v. *Triton Thalassic
Technologies, Inc.,* 285 Conn. 716, 731–32, 941 A.2d 309
(2008). It is the appellant's obligation "to move for an
articulation or rectification of the record where the trial
court has failed to state the basis of a decision . . . to
clarify the legal basis of a ruling . . . or to ask the

trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 704 n.5, 945 A.2d 927 (2008).

In the present case, the trial court gave no reasons for the denial of the defendant's motion to open; it simply marked the motion "denied." The trial court could have denied the motion for any one or more of the reasons raised in the plaintiffs' objection, such as, the defendant's failure to allege "reasonable cause" or that the motion was not properly verified as required by both General Statutes § 52-212 and Practice Book § 17-43. Alternatively, the trial court could have come to its own conclusion about its ability to open a judgment that, despite the absence of a direct appeal, was being collaterally attacked by the defendant. See, e.g., *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995) ("When a motion to open is filed more than twenty days after the judgment [and there is no appeal from the judgment], the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . *This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal.*" [Citation omitted; emphasis added; internal quotation marks omitted.]). The record therefore does not reveal the reasons for the trial court's ruling.

"Under these circumstances, the plaintiff should have filed a motion for articulation to preserve an adequate record for review. See Practice Book §§ 61-10[10] and 66-

---

[10] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

5.[11] It is well established that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered *its* decision, thereby sharpening the issues on appeal. . . . In the absence of an articulation, we are unable to determine the basis for the court's decision, and we therefore decline to review this claim." (Citation omitted; internal quotation marks omitted.) *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 685–86, 911 A.2d 300 (2006); see also *Flater* v. *Grace*, supra, 291 Conn. 423 ("[i]n the absence of [an articulation], we have no way of knowing how the trial court construed the defendant's arguments or on what the court ultimately based its decision [denying the motion to open]"); *Citicorp Mortgage, Inc.* v. *Weinstein*, 52 Conn. App. 348, 349–50 n.2, 727 A.2d 720 (1999) (noting appellant's duty to obtain written decision by means of motion to compel trial court to file memorandum of decision or motion for articulation).

Because the defendant failed to seek an articulation from the trial court, we are unable to determine the basis for the trial court's denial of his motion to open. We therefore decline to review the defendant's claim.

The decision is affirmed.

In this opinion the other justices concurred.

---

[11] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . .

"If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions

reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . ."