ROBERT TAYLOR *v.* KEVIN PERVIS ET AL.
(AC 30655)

Bishop, Lavine and Peters, Js.

Argued October 14—officially released November 30, 2010

*Max F. Brunswick*, for the appellant (defendant American Car & Truck Rental, Inc.).

*Marc J. Ubaldi*, with whom was *Robert L. Schwab*, for the appellee (plaintiff).

### Opinion

BISHOP, J. In this action arising out of a motor vehicle accident, the defendant American Car & Truck Rental, Inc.,[1] appeals from the trial court's judgment rendered against it, following a hearing in damages, in the amount of $325,000 plus taxable costs. On appeal, the defendant claims that the court improperly denied its motion to open the judgment.[2] We agree with the defendant and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On

---

[1] The named defendant, Kevin Pervis, is not a party to this appeal. In the interest of simplicity, we refer to American Car & Truck Rental, Inc., as the defendant throughout this opinion.

[2] The defendant also claims that the court improperly marked off its motion to dismiss as moot because the prior motion to open had been denied. Because we agree with its claim regarding the denial of the motion to open, we need not reach this issue.

August 22, 2007, the plaintiff brought this action pursuant to General Statutes §§ 14-154a and 52-592 against the defendant on one count of vicarious liability for injuries he sustained in a motor vehicle accident in 2002. Counsel for the defendant, attorney Max F. Brunswick, filed an appearance in the case on September 11, 2007, but filed no responsive pleadings on behalf of the defendant. On November 8, 2007, the plaintiff filed a motion for default for failure to plead, which was granted on November 19, 2007. At the subsequent hearing in damages on April 22, 2008, neither the defendant nor Brunswick was in attendance. After noting that the plaintiff's witness was present, that Brunswick had not contacted the court and that Brunswick "can file an appropriate motion to reopen if he wants to spend the money to do it," the court, *Hon. Anthony V. DeMayo*, judge trial referee, proceeded with the hearing and rendered judgment against the defendant in the amount of $325,000 plus taxable costs.[3]

---

[3] The record reveals the following colloquy from the hearing in damages:

"[The Plaintiff's Counsel]: Your Honor, there is somewhat of a—a situation here. This morning—I guess there's an appearance in the file by Max Brunswick . . . on September 17 [2007]. There was an original motion for default for failure to plead, excuse me, to appear that had been filed. Max—attorney Brunswick had filed his appearance in September, and then he failed to file an answer in the case after numerous—

"The Court: It's not an unusual situation.

"[The Plaintiff's Counsel]: So, I defaulted him for failure—failure to plead. So, the case is down, it's default for failure to plead and down for a hearing in damages today. Evidently, Mr. Brunswick called my office last night after 5 o'clock, left a message on our voice answering machine, indicating or asking that this case be marked over because he was starting trial today here in this courthouse, and I didn't get that message until this morning, and when I was in the lobby of the courthouse this morning waiting for my clients, around 9 a.m., Mr. Brunswick walked in, and I approached Mr. Brunswick, identified myself, and he asked me whether or not I had received his message, and I indicated that I just received it this morning.

"The Court: What was his reason for having it go over?

"[The Plaintiff's Counsel]: Because he said he was starting trial here today.

"The Court: But he's been defaulted here?

"[The Plaintiff's Counsel]: Yes. And I asked him what the situation was with respect to the answer—the pending answer and whether or not there

The defendant subsequently filed a motion to open the judgment on May 5, 2008, pursuant to Practice Book § 17-43.[4] The motion asserted that, at the time of the April 22, 2008 hearing, Brunswick was trying a case before a jury in the same courthouse, with evidence to begin that morning. According to the motion, on the previous day Brunswick informed the plaintiff's counsel of the scheduling conflict by voice mail, and counsel confirmed to Brunswick in the lobby of the courthouse on the morning of April 22 that he had received the voice mail message. Then, believing that the matter would be marked over, Brunswick went to the trial in a different courtroom in the same courthouse. Also contained in the motion are two defenses to the original complaint. Judge DeMayo denied the motion on June 10, 2008. The defendant filed a motion for reconsideration on July 7, 2008, which was likewise denied on July 16, 2008. This appeal followed.

was any insurance. He did file an appearance. I said: What—what is the situation? And he didn't really respond. I don't think he really was familiar with the file in any way, but he asked me to represent to the court that he has made a motion here to mark it over. My client is here; he's ready; he's anxious to go forward. So, I'm kind of in a situation.

"The Court: I don't know why we should accommodate him. He has not contacted the court. Your people are here. He's been defaulted. He hasn't filed any appropriate motion, and he hasn't indicated to you that he's got a defense. Is that right?

"[The Plaintiff's Counsel]: That's correct, Your Honor.

"The Court: Well, let's proceed.

"[The Plaintiff's Counsel]: Okay. Thank you, Your Honor. I just call—

"The Court: He can file an appropriate motion to reopen if he wants to spend the money to do it."

[4] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default . . . may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

The defendant claims that the court improperly denied its motion to open the judgment. We agree.[5]

We begin by setting forth the standard of review and legal principles that govern this appeal. "We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Flater* v. *Grace*, 291 Conn. 410, 419, 969 A.2d 157 (2009). "Except in cases in which a judgment has been obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment, the power of a court to open a judgment after a default has entered is controlled by statute." Id., 418–19. "Pursuant to General Statutes § 52-212 (a), a trial court may set aside a default judgment within four months of the date it was rendered provided that the aggrieved party shows reasonable cause or that a good cause of action or defense existed at the time the judgment was

___

[5] As part of this claim, the defendant also asserts that Judge DeMayo should have recused himself from the hearing and from deciding the defendant's motion because of his acrimonious history with Brunswick. In 2002, in an unrelated matter, Judge DeMayo sanctioned Brunswick and referred him to the statewide grievance committee for making frivolous allegations in a motion to vacate an arbitration decision. See *Brunswick* v. *Statewide Grievance Committee*, 103 Conn. App. 601, 603–604, 931 A.2d 319, cert. denied, 284 Conn. 929, 934 A.2d 244 (2007). In that matter, Judge DeMayo stated: "[I]t's hard for me to recall when I have been so outraged by something as I've heard you and your client expose the arbitration panel to in this proceeding." When Brunswick asked Judge DeMayo whether, in light of the grievance, he would recuse himself from any of Brunswick's future cases, the judge replied: "[T]hat gratuitous request is hardly necessary, but I'm not sure that I would be interested in hearing any more cases involving you." Because we reverse the judgment on another basis, we need not reach the issue of whether Judge DeMayo should have recused himself in the matter at hand on the basis of this history.

entered." *Priest* v. *Edmonds*, 295 Conn. 132, 137, 989 A.2d 588 (2010).[6] Additionally, the court's denial of the defendant's motion to open cannot be held to be an abuse of discretion if it appears that the defendant has not been prevented from defending the claim by mistake, accident or other reasonable cause. See *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 294, 966 A.2d 318 (2009).

Here, in compliance with Practice Book § 17-43 (a), the defendant's motion asserted that the action was barred by the applicable statute of limitations in General Statutes § 52-577[7] and that the defendant was not vicariously liable because it had not authorized Kevin Pervis to drive its vehicle. In its articulation of its decision to deny the motion, however, the court, correctly stated that "[o]n April 22, [2008], the defendant would not have been permitted to question liability in the face of default." Indeed, Practice Book § 17-34 (a) provides: "In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense." Such notice must be filed within ten days after notice from the clerk

---

[6] Practice Book § 17-43 (a) essentially tracks the language of General Statutes § 52-212 (a), and they are applied interchangeably on appeal. See, e.g., *Priest* v. *Edmonds*, supra, 295 Conn. 137; *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 294, 966 A.2d 318 (2009).

[7] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

to the defendant that a default has entered. See Practice Book § 17-35 (b). Accordingly, because the defenses in the present case did not relate to the amount of damages, the defendant was required to give notice of these defenses to the plaintiff within ten days after notice of the default issued on November 19, 2007. See Practice Book § 17-34 (a). The record reveals that the defendant provided no such notice. Therefore, the alleged defenses could not have been raised at the hearing and were not appropriate grounds for opening the judgment.

Practice Book § 17-43 (a), however, provides an alternative ground that allows the court to open the judgment upon a showing of "reasonable cause." Here, the defendant's motion asserted that Brunswick was prevented from attending the hearing in damages because he was trying a case before a jury in a different courtroom in the same courthouse. According to the defendant, that scheduling conflict was unforeseen because the trial in Brunswick's other case had not finished on the previous day as expected,[8] at which time Brunswick left a voice mail message with the plaintiff's counsel to inform him of the conflict. Additionally, the defendant asserts that, after speaking with the plaintiff's counsel in the courthouse lobby on the morning in question, Brunswick believed that the hearing would be marked over to another day. Ordinarily, a showing that a party's absence was reasonable is included in a motion to open under Practice Book § 17-43 as a subsidiary requirement to showing a good defense, not as an independent

---

[8] The timing of Brunswick's jury trial is not clear from the record. The defendant's motion to open asserts that the jury was picked and that evidence was to begin on the morning of April 22, while its brief states that the trial was expected to finish on April 21 but carried over into a second day. Resolving this factual ambiguity, however, is not necessary to our determination of the defendant's claim, as it appears that, in any case, Brunswick was occupied on the jury matter in a different courtroom of the same courthouse at the same time Judge DeMayo proceeded with the hearing in damages in counsel's absence.

ground for opening the judgment. Under the extraordinary circumstances in this case, however, Brunswick's predicament provided reasonable cause to open the judgment, and the failure of the court to acknowledge that Brunswick could not reasonably be in two courtrooms at the same time constituted an abuse of discretion.[9] Accordingly, we conclude that the court abused its discretion when it denied the motion to open the judgment.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to open and set aside the judgment and for further proceedings according to law.

In this opinion the other judges concurred.

---

[9] We acknowledge that it would have been better practice for Brunswick to have requested a continuance, or a delay, personally from Judge DeMayo.