ACADIA INSURANCE COMPANY ET AL. *v.* JOHN T. O'REILLY ET AL.
(AC 33950)

Gruendel, Beach and Schaller, Js.

Argued May 17—officially released October 2, 2012

*John T. O'Reilly*, pro se, the appellant, with whom, on the brief, was *Erin O'Reilly*, pro se, the appellants (defendants).

*Donald P. Cianci*, for the appellee (named plaintiff).

*Opinion*

PER CURIAM. The self-represented defendants, John T. O'Reilly and Erin O'Reilly, appeal from the judgment of the trial court denying their motion to open the default judgment rendered in favor of the plaintiffs, Acadia Insurance Company and 139 Washington Avenue, LLC. On appeal, the defendants claim that the court improperly denied that motion. We affirm the judgment of the trial court.

In early November, 2010, the plaintiffs commenced a negligence action against the defendants stemming from an incident that occurred on March 14, 2010. Their complaint alleged that, at all relevant times, Acadia Insurance Company insured real property known as 1100 West Main Street in Branford (property) owned by 139 Washington Avenue, LLC. They further alleged that, at 5:57 p.m. on March 14, 2010, "the defendant, Erin O'Reilly, was operating a motor vehicle owned by the defendant, John O'Reilly, on West Main Street in Branford . . . when she propelled said motor vehicle off of the traveled portion of the road and into the [property], thereby damaging the plaintiff's realty in the amount of $7541.90." That damage allegedly was caused by the carelessness and negligence of Erin O'Reilly.

Approximately one month later, the plaintiffs filed a motion for default for failure to appear, which the trial

court clerk granted on December 21, 2010. The defendants thereafter filed pro se appearances on December 28, 2010. On February 1, 2011, the plaintiffs filed a motion for default for failure to plead, which the trial court clerk granted on February 9, 2011. The defendants then filed an answer on February 14, 2011, denying the plaintiffs' allegations. On February 18, 2011, the plaintiffs filed a certificate of closed pleadings indicating that the relief requested was less than $15,000 and requesting a court trial. On February 25, 2011, the court notified the parties that a trial on the matter was scheduled for May 11, 2011, at 9:30 a.m., stating in relevant part: "The above captioned case is assigned for court trial on the above indicated date and time in courtroom 4E. Prior to the commencement of trial, the court will hold a trial management conference. . . . All parties must comply with the standing civil trial management order. . . . Failure to appear and proceed may result in entry of nonsuit, dismissal or default and an immediate hearing in damages." In their reply brief before this court, the defendants claim that they never received that notice.

Two days before trial, the plaintiffs filed a motion to amend their complaint. The record contains no indication that the court ever acted on that motion.[1] The judgment file likewise is silent as to that motion. On May 11, 2011, the defendants failed to appear for trial. Accordingly, the court entered a default judgment against them and proceeded to a hearing in damages, at the conclusion of which the court found that the plaintiffs sustained damages as alleged in their complaint.[2]

---

[1] The appellants have not provided a transcript of the May 11, 2011 trial.

[2] At oral argument before this court, the plaintiffs attested that, because the trial court did not act on their motion to amend, they proceeded on their original complaint at trial.

On July 5, 2011, the defendants filed a motion to open the default judgment. That motion stated in full: "The above named defendants hereby move this court to reopen the judgment of default rendered against defendants without their knowledge and without any notice. Included with this motion is the reopening fee. It was the defendants' understanding that plaintiff was filing an amended complaint. So it came as a shock that defendants were defaulted. Included as exhibit A is a copy of the amended complaint which was filed by plaintiffs' attorney dated May [9] 2011. Defendants were completely confused by the court's action of defaulting defendants and ask this court to reopen judgment in the interest of fairness so that defendant[s] may have their day in court, especially considering that it has been less than four months since the default judgment." That motion was not properly verified, as required by General Statutes § 52-212 (b) and Practice Book § 17-43 (a). In response, the plaintiffs filed a memorandum of law in opposition to the defendants' motion that raised multiple grounds of objection. By order dated September 26, 2011, the court denied the defendants' motion to open by marking it "denied."[3] This appeal followed.

At the outset, we note that the defendants stated on their appeal form that they are appealing from both the "default judgment" and the "denial of [the] motion to reopen judgment." Likewise, the six sentence argument portion of their principal appellate brief asserts that the court improperly rendered a default judgment and that it improperly denied their motion to open that judgment. Nevertheless, the only issue properly before us is the latter claim. As we previously have explained,

---

[3] At oral argument before this court, the defendants complained that the trial court decided the motion to open without holding argument thereon. Like *Priest* v. *Edmonds*, 295 Conn. 132, 136, 989 A.2d 588 (2010), the defendants here did not request oral argument on their motion to open.

"[i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 293, 966 A.2d 318 (2009). The defendants' failure to file their motion to open the judgment within twenty days of the notice of judgment precludes review of any claim pertaining to the entry of the default judgment.

Confined to the question of whether the court properly denied the defendants' motion to open, we first note the applicable standard of review. "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did."[4]

[4] The defendants, without citation to any authority, mistakenly assert that their claim "should be considered de novo with a plenary standard of review." Contra *In re Baby Girl B.*, 224 Conn. 263, 294–95, 618 A.2d 1 (1992) ("[w]e do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment").

(Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992).

Applying those principles, we cannot say that the court abused its discretion in the present case. As our Supreme Court explained in a similar case, "[i]n an appeal from the denial of a motion to open, the appellant must abide by established appellate procedure. [It is] fundamental . . . that [i]t is incumbent upon the [appellant] to take the necessary steps to sustain [his] burden of providing an adequate record for appellate review. . . . Our role is not to guess at possibilities . . . but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the appellant's claims] would be entirely speculative. . . . It is the appellant's obligation to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter. . . .

"[T]he trial court gave no reasons for the denial of the defendant's motion to open; it simply marked the motion denied. The trial court could have denied the motion for any one or more of the reasons raised in the plaintiffs' objection, such as, the defendant's failure to allege reasonable cause or that the motion was not properly verified as required by both . . . § 52-212 and Practice Book § 17-43. Alternatively, the trial court could have come to its own conclusion about its ability to open a judgment that, despite the absence of a direct appeal, was being collaterally attacked by the defendant. . . . The record therefore does not reveal the reasons for the trial court's ruling.

"Under these circumstances, the plaintiff should have filed a motion for articulation to preserve an adequate

record for review. See Practice Book §§ 61-10 and 66-5. . . . [A]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . . In the absence of an articulation, we are unable to determine the basis for the court's decision . . . ." (Citations omitted; internal quotation marks omitted.) *Priest* v. *Edmonds*, 295 Conn. 132, 138–40, 989 A.2d 588 (2010).

That reasoning applies with equal force in the present case. It is well established that "[t]his court does not presume error on the part of the trial court; error must be demonstrated by an appellant . . . ." *State* v. *Tocco*, 120 Conn. App. 768, 781 n.5, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). Our standard of review requires this court to "make every reasonable presumption in favor of [the trial court's] action" in denying a motion to open. (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 106, 952 A.2d 1 (2008). Furthermore, to the extent that the defendants' claim is predicated on their factual allegation that they never received the court's February 25, 2011 notice of trial, we are mindful that "it is axiomatic that this appellate body does not engage in factfinding. Connecticut's appellate courts cannot find facts; that function is, according to our constitution, our statute, and our cases, exclusively assigned to the trial courts." (Internal quotation marks omitted.) *Hogan* v. *Lagosz*, 124 Conn. App. 602, 618, 6 A.3d 112 (2010), cert. denied, 299 Conn. 923, 11 A.3d 151 (2011). Absent any indication of the factual and legal basis of the court's decision, we cannot conclude that the court abused its ample discretion in denying the defendants' motion to open the default judgment.

The judgment is affirmed.