MARGARET MCHENRY *v.* EDWARD NUSBAUM ET AL.

MARGARET MCHENRY *v.* ELLEN B. LUBELL ET AL.
(AC 23102)

Schaller, Flynn and Peters, Js.

Argued June 3—officially released September 9, 2003

that was not addressed by the trial court. See *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 549, 776 A.2d 1195 (2001).

*Margaret McHenry*, pro se, the appellant (plaintiff in both cases).

*Paul E. Pollock*, for the appellees (defendants in the first case).

*David J. Robertson*, for the appellees (defendants in the second case).

*Opinion*

SCHALLER, J. In this consolidated matter, the plaintiff, Margaret McHenry, appeals from the judgments of the trial court dismissing her action against the defendants, attorney Edward Nusbaum, his law firm, Nusbaum and Parrino, and Susan Moch, an attorney in that law firm, and a separate action against attorney Ellen B. Lubell and her law firm, Weisman and Lubell. On appeal, the plaintiff claims that (1) the court improperly rendered judgments of dismissal for failure to prosecute the actions with reasonable diligence, (2) the court abused its discretion by delaying decisions, ignoring filings, removing files from the courthouse and striking claims, (3) she was unable to receive a fair trial in the Superior Court in Bridgeport and (4) she was denied due process because several of the defendants are attorneys.[1] We agree with the plaintiff's claim that the court

---

[1] We decline to address the plaintiff's claims that various decisions from various judges who have ruled on different aspects of her actions constitute bias, prejudice and misconduct or that she was denied her right to due process. This court is not the proper forum to review the plaintiff's vague complaints against members of the judiciary. General Statutes § 51-51g et seq. provides the proper procedure for reviewing such complaints. Further, the plaintiff has failed to brief her claims in an intelligible way. Therefore, we decline to review them. See *Dontigney* v. *Roberts*, 73 Conn. App. 709, 712, 809 A.2d 539 (2002), cert. denied, 262 Conn. 944, 815 A.2d 675 (2003).

improperly rendered judgments of dismissal and, accordingly, reverse the judgments of the trial court.

## I

The following pertinent facts and procedural history are necessary to our resolution of this appeal. This matter has its genesis in the dissolution of marriage proceedings between the plaintiff and her now former husband. Because of the lengthy procedural history underlying this appeal, we will discuss the procedural history of the two cases separately.

## A

On November 20, 1995, the plaintiff, through counsel, filed a complaint against Lubell and her law firm, Weisman and Lubell,[2] sounding in negligence. Lubell had represented the plaintiff in the dissolution of marriage action. The plaintiff filed an amended complaint on July 8, 1996, against Lubell and her law firm, removing attorneys Lawrence Weisman and Andrew R. Tarshis as defendants.

On September 22, 1997, the plaintiff, appearing pro se, filed another complaint against Lubell, Tarshis and the law firm. The complaint was in four counts: Deliberate intent to defraud, aiding and abetting the tortuous conduct of another party, negligence and breach of contract. On October 8, 1997, Lubell and her law firm filed a motion to dismiss the plaintiff's complaint dated September 22, 1997, pursuant to the prior pending action doctrine. The plaintiff subsequently withdrew the original action against Lubell and her law firm and filed amended complaints on November 21 and December 1, 1997.

---

[2] The complaint against Lubell and her law firm had listed as defendants Lawrence Weisman and Andrew R. Tarshis, both of whom were attorneys at the law firm. Weisman and Tarshis subsequently were removed as defendants in an amended complaint.

On December 12, 1997, and again on February 13, 1998, Lubell and her law firm filed requests to revise the plaintiff's amended complaint. Lubell and her law firm then filed a motion for a nonsuit, claiming that the plaintiff had failed to revise her complaint in accordance with their December 12, 1997 request to revise. The plaintiff filed an objection to the motion for a nonsuit on March 19, 1998, which was overruled on April 21, 1998. On March 19, 1998, the plaintiff also filed a motion for leniency from the court because she was acting pro se. The court, *Melville, J.*, denied the motion, reminding the plaintiff that "technicalities are a necessary part of litigation if it is to proceed in an orderly and efficient manner so that all who use our courts receive justice." On May 6, 1998, the plaintiff filed a motion to reargue the court's denial of her motion for leniency and its overruling of her objection to the motion for a nonsuit, which was denied by the court, *Melville, J.*, on June 15, 1998.

On June 11, 1998, the plaintiff filed a motion to strike the December 12, 1997 request to revise the complaint that was filed by Lubell and her law firm. The motion was ordered denied in accordance with the memorandum of decision issued by the court, *Skolnick, J.*, on July 22, 1998. In the July 22, 1998 memorandum of decision, the court found that the request to revise had been granted automatically because the plaintiff failed to respond to the request to revise within thirty days from the date that it was filed. Accordingly, the court ordered the plaintiff to file a new amended complaint responding to the defendant's request to revise.

On June 29, 1998, the plaintiff filed a motion to consolidate the case against Lubell and her law firm with the case against Nusbaum and his law firm. That motion was granted on July 13, 1998. The plaintiff thereafter filed amended complaints against Lubell and her law firm on August 7 and again on August 10, 1998, claiming

deliberate intent to defraud, negligence, breach of contract, legal negligence and malpractice, civil conspiracy, unfair trade practices, recklessness, and negligent and intentional infliction of emotional distress.

Lubell and her law firm filed an objection to the plaintiff's amended complaints dated August 7 and August 10, 1998, claiming that those complaints added new causes of action that had not been included in the original complaint, namely, legal negligence and malpractice, unfair trade practices, civil conspiracy, and negligent and intentional infliction of emotional distress. Lubell and her law firm also filed a motion for a nonsuit against the plaintiff for her failure to revise her complaint in accordance with their December 12, 1997 request to revise. On August 14, 1998, the plaintiff filed a motion to extend the time to close the pleadings, which was originally set for August 15, 1998, until September 30, 1998. The motion was denied by the court, *Mottolese, J.,* on September 4, 1998.

The plaintiff filed another amended complaint on August 21, 1998, to which Lubell and her law firm objected. The complaint again was based on deliberate intent to defraud, negligence, breach of contract, legal negligence and malpractice, civil conspiracy, unfair trade practices, gross negligence, and negligent and intentional infliction of emotional distress. On August 28, 1998, the plaintiff filed a motion for an extension of time so that she could secure counsel to represent her, which was granted. The plaintiff, however, was unable to obtain counsel and continued to proceed pro se.

The plaintiff, on July 14, 1999, filed a motion for an extension of time to close the pleadings and to claim the matter to the trial list. On November 5, 1999, the plaintiff filed another amended complaint. The complaint again alleged deliberate intent to defraud, negli-

gence, breach of contract, legal negligence and malpractice, civil conspiracy, unfair trade practices, recklessness, gross negligence, and negligent and intentional infliction of emotional distress. On December 3, 1999, the court, *Moran, J.*, ruled that the plaintiff's November 5, 1999 amended complaint "shall be deemed filed."

On March 22, 2000, Lubell and her law firm filed a motion for an order that the plaintiff revise her revised complaint from November 5, 1999, so that it conforms to their December 12, 1997 request to revise. The court, *Moran, J.*, ordered compliance on or before May 1, 2000. On May 1, 2000, the plaintiff filed a revised complaint that alleged deliberate intent to defraud, negligence, breach of contract, legal malpractice, civil conspiracy, unfair trade practices, recklessness, and negligent and intentional infliction of emotional distress. Lubell and her law firm objected to the plaintiff's revised complaint and filed a motion for a nonsuit against the plaintiff for failure to comply with their request to revise. At a hearing on September 5, 2000, the court, *Rush, J.*, held that the plaintiff's complaint, dated May 1, 2000, was "validly filed and any objections to the amendment of the complaint . . . are overruled." The court further permitted the plaintiff to file another revised complaint by September 11, 2000.

The plaintiff filed a revised amended complaint on September 11, 2000. The complaint alleged deliberate intent to defraud, negligence, breach of contract, legal malpractice, civil conspiracy, unfair trade practices, recklessness, and negligent and intentional infliction of emotional distress. Lubell and her law firm sought to strike the plaintiff's amended complaint for failure to allege facts sufficient to support the claims raised. The court, *Melville, J.*, granted the motion to strike. In response, the plaintiff filed another revised complaint on October 30, 2000, alleging deliberate intent to

defraud, negligence, breach of contract, legal malpractice, civil conspiracy, unfair trade practices, recklessness, negligent and intentional infliction of emotional distress, and fraud by nondisclosure. Lubell and her law firm responded by filing another motion to strike the plaintiff's complaint.

On August 2, 2001, in its memorandum of decision, the court, *Skolnick, J.*, struck from the plaintiff's complaint her claims of legal malpractice, civil conspiracy, violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., recklessness and intentional infliction of emotional distress, as well as the plaintiff's prayer for attorney's fees and punitive damages. Thereafter, the plaintiff's complaint consisted of claims for deliberate intent to defraud, negligence, breach of contract, negligent infliction of emotional distress and fraud by nondisclosure.

On August 17, 2001, the plaintiff filed a motion to reargue the court's decision striking some of her claims, as well as another amended complaint, to which Lubell and her law firm filed an objection. In the amended complaint, the plaintiff, in addition to including the claims that survived the motion to strike that had been filed by Lubell and her law firm, included those claims that the court previously had struck. The court, *Skolnick, J.*, denied the plaintiff's motion to reargue on February 25, 2002.

In the September 18 and 25, 2001 editions of the Connecticut Law Journal, all parties were notified of the docket management program. According to the notice, calendars were to be sent to all counsel and pro se parties of record identifying the cases that were selected for the program, in which the plaintiff's case was included. To comply with the terms of the notice, the plaintiff was required to file a withdrawal, dispose of the case, file a certificate of closed pleadings or file a request for exemption from the program by May 3,

2002. The plaintiff filed a request for exemption from the program, which was denied by the court on May 3, 2002. On the same day, the court rendered a judgment of dismissal of the plaintiff's complaint for failure to prosecute her action with reasonable diligence.

B

On September 22, 1997, the plaintiff filed a complaint against Nusbaum and his law firm, Nusbaum and Parrino. Nusbaum had represented the plaintiff's now former husband during the dissolution proceedings. The complaint against Nusbaum and his law firm was in two counts: Deliberate intent to defraud and aiding and abetting the tortuous conduct of another party. The plaintiff filed an amended complaint against Nusbaum and his law firm on November 21, 1997.

On May 14, 1998, Nusbaum and his law firm filed a request that the plaintiff revise her complaint, to which the plaintiff objected. The plaintiff's objection was sustained without prejudice to Nusbaum and his law firm. On June 5, 1998, the plaintiff filed another amended complaint. On June 29, 1998, the plaintiff filed a motion to consolidate the action with the action against Lubell and her law firm, which was granted on July 13, 1998. Nusbaum and his law firm filed a motion for a nonsuit against the plaintiff for her failure to revise her complaint in accordance with their May 14, 1998 request to revise. The motion was denied because an amended complaint had been filed. The plaintiff filed a third amended complaint on August 12, 1998, claiming deliberate intent to defraud, aiding and abetting the tortious conduct of another party, unfair trade practices, negligent and intentional infliction of emotional distress, and legal malpractice. The plaintiff then filed a motion for an extension of time to close the pleadings.

The plaintiff filed a fourth amended complaint on September 25, 1998, claiming deliberate intent to

defraud and aiding and abetting the tortuous conduct of another party. Nusbaum and his law firm filed an objection to the amended complaint, which was overruled by the court, *Thim, J.* Nusbaum and his law firm responded by filing a request, on February 5, 1999, for the plaintiff to revise her complaint. On July 16, 1999, the plaintiff filed a motion for an extension of time to close the pleadings. The motion was granted by the court, *Melville, J.*, for fifteen days from the date of any rulings on any outstanding pleadings. The court, however, also ruled that no further extensions of time to close the pleadings would be allowed.

In November, 2001, the parties were notified that this case was selected for the docket management program. Under the notice and order of the court, the procedures for compliance required the plaintiff to file a withdrawal of her case, dispose of the case, file a certificate of closed pleadings or file a request for exemption from the program. On January 2, 2002, the plaintiff filed another amended complaint, alleging deliberate intent to defraud, civil conspiracy, unfair trade practices, negligent and intentional infliction of emotional pain, and fraud by nondisclosure. The plaintiff filed a request for exemption from the docket management program on February 22, 2002, which was not ruled on by the court. On May 3, 2002, the plaintiff's action was dismissed for failure to prosecute with reasonable diligence.

II

The plaintiff appeals from the dismissals of her actions against Lubell and her law firm and against Nusbaum and his law firm. We reverse the judgments.

"Practice Book § 17-19 provides is relevant part that [i]f a party fails to comply with an order of a judicial authority . . . the party may be nonsuited or defaulted by the judicial authority. Because the nonsuit here was a penalty for the plaintiff's failure to close the pleadings,

we apply the modified standard of review set forth by our Supreme Court in *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001), for claims challenging a trial court's order for sanctions. First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." (Internal quotation marks omitted.) *Burton* v. *Dimyan*, 68 Conn. App. 844, 846–47, 793 A.2d 1157, cert. denied, 260 Conn. 925, 797 A.2d 520 (2002).

A

The plaintiff claims that it was a "misuse of the court's discretion to dismiss [her case against Lubell and her law firm] in light of the court's delay and [her] vigilance in trying to move the case along." We agree.

In November, 2001, calendars were sent to counsel and to pro se parties of record, identifying the cases that had been placed in the docket management program. The plaintiff's case against Lubell and her law firm had been placed in the program. Under the procedures set forth in the September 18 and 25, 2001 editions of the Connecticut Law Journal, to comply with the guidelines of the docket management program, the plaintiff was required to file a withdrawal, dispose of the case, file a certificate of closed proceedings or file

a request from exemption from the program. Failure to comply with the procedures of the program would have resulted in the dismissal of the case on May 3, 2002. The plaintiff filed a request for exemption from the program, which was denied by the court on May 3, 2002, with the court stating that the pleadings had to be closed as to the governing complaint. The court then dismissed the plaintiff's action against Lubell and her law firm for failure to prosecute the case with reasonable diligence.

We conclude that the court improperly dismissed the plaintiff's case against Lubell and her law firm. To comply with the terms of the notice pertaining to the docket management program, the plaintiff was required, among other things, to file a request for exemption from the program, which she timely filed. Under the terms of the notice, if a request for exemption was denied, counsel and pro se parties of record were to have been notified of the denial and the case would be automatically continued to May 3, 2002, for compliance. Upon receipt of the denial, counsel and pro se parties of record were required to take the necessary steps to comply with the notice by either filing a withdrawal, disposing of the case or filing a certificate of closed pleadings. Failure to comply with the notice would result with the dismissal of the case on May 3, 2002.

In this case, however, the court did not deny the plaintiff's request for exemption until May 3, 2002, when it dismissed her case against Lubell and her law firm. Until the plaintiff received notice of the denial of her request for exemption, she was not required to comply with the order of the court. At oral argument before this court, the plaintiff stated that she received notice of the court's denial of her request for exemption on May 5, 2002. Therefore, the plaintiff was not required to take the necessary steps to comply with the order of the court in her action against Lubell and her law firm

until May 5, 2002. By dismissing the plaintiff's action on May 3, 2002, before the plaintiff received notice of the court's denial of her request for exemption, the court abused its discretion.

B

The plaintiff also claims that the court abused its discretion when it rendered a judgment of dismissal in her case against Nusbaum and his law firm. We agree.

The plaintiff was notified that her case was selected for the docket management program in November, 2001. As previously stated, to comply with the notice and the order of the court under the program, the plaintiff was required to file a withdrawal, dispose of the case, file a certificate of closed pleadings or file a request for exemption from the docket management program by May 3, 2002. The plaintiff timely filed a request for exemption on February 22, 2002. The court, however, failed to rule on the plaintiff's request for exemption before dismissing her case on May 3, 2002. Under the terms of the notice and the order of the court, once the plaintiff filed the request for exemption, she was not required to take the necessary steps to comply with the notice and the order of the court until she received notice of the court's denial. Accordingly, the court abused its discretion when it dismissed the plaintiff's action against Nusbaum and his law firm without first giving the plaintiff the opportunity to comply with the terms of the notice and the order of the court.

The judgments are reversed and the cases are remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.