ROBERTA LANGEWISCH ET AL. *v.* NEW ENGLAND
RESIDENTIAL SERVICES, INC., ET AL.
(AC 29264)

Beach, Robinson and Pellegrino, Js.

Argued November 18, 2008—officially released March 24, 2009

*Rosemarie V. P. Solomon,* with whom, on the brief, was *Patrick J. Filan,* for the appellants (plaintiffs).

*Kevin J. Gumpper,* with whom was *Michael A. Dowling,* for the appellee (named defendant).

ROBINSON, J. The plaintiffs, Roberta Langewisch and Irwin Langewisch, appeal from the judgment of the trial court denying their motion to open the judgment dismissing their wrongful death claim against the defendant New England Residential Services, Inc.[1] On appeal, the plaintiffs argue that the court improperly (1) failed to set aside the judgment of dismissal, (2) found that the plaintiffs did not satisfy their burden of proof to open the judgment, (3) failed to hold an evidentiary hearing to establish the factual basis of the defendant's claim regarding the plaintiffs' noncompliance with the court's discovery orders and (4) failed to conclude that the defendant waived the right to object to the opening of the judgment of dismissal. We affirm the judgment of the trial court.

The following facts and procedural history provide the necessary context in which to evaluate the plaintiffs' appeal. On August 26, 2004, the plaintiffs filed a complaint alleging a claim of wrongful death. The claim arose from the alleged negligent care received by the plaintiffs' son, Jonathan T. Langewisch, while he was a resident of a facility operated by the defendant. On October 16, 2006, the pleadings had not yet been closed and, therefore, pursuant to the docket management program, notice was sent to all parties that the case would be dismissed on May 4, 2007, if a certificate of closed pleadings was not filed by that date. On May 2, 2007, the court conducted a status conference hearing and issued a scheduling order that required the certificate of closed pleadings to be filed by May 10, 2007. The plaintiffs failed to file a timely certificate or, in the alternative, to request an exemption from the docket

---

[1] Key Service Systems, Inc., also a defendant at trial, is not a party to this appeal. We therefore refer in this opinion to New England Residential Services, Inc., as the defendant.

management dismissal. Thereafter, on June 1, 2007, the court rendered judgment of dismissal for failure to prosecute with due diligence.

On June 7, 2007, the plaintiffs, represented by new counsel, attempted to file a certificate of closed pleadings; however, the filing was rejected by the clerk's office as a result of the recent dismissal. Thereafter, on July 13, 2007, the plaintiffs filed a motion to open or to set aside the judgment of dismissal, which the court denied. The plaintiffs then filed a motion to reargue on August 13, 2007. The court granted the motion, and argument was heard on September 17, 2007. The plaintiffs' motion to open or to set aside the judgment of dismissal was denied on September 26, 2007, and this appeal followed. Additional facts will be set forth as necessary.

I

As a preliminary matter we note that the thrust of the plaintiffs' arguments on appeal is the purported impropriety of the court's actions in dismissing their action; however, "[i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citations omitted; internal quotation

marks omitted.) *Misata* v. *Con-Way Transportation Services, Inc.*, 106 Conn. App. 736, 742, 943 A.2d 537 (2008). As the plaintiffs filed their motion to open the judgment more than twenty days after receiving notice that the case had been dismissed under the docket management program, our review is limited to determining whether the court abused its discretion in denying that motion.[2]

We begin by setting forth the legal principles that guide our limited review of the plaintiffs' remaining claims. "The court's denial of the plaintiff's motion to open cannot be held to be an abuse of discretion if it appears that the plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause. . . . There also must be a showing that a good cause of action existed at the time the judgment of dismissal was rendered." (Internal quotation marks omitted.) *Rzayeva* v. *75 Oxford Street, LLC*, 111 Conn. App. 77, 78, 957 A.2d 539 (2008); see also General Statutes § 52-212 (a);[3] Practice Book § 17-43.

[2] In their appellate brief, the plaintiffs argue that this court's analysis in *McHenry* v. *Nusbaum*, 79 Conn. App. 343, 830 A.2d 333, cert. denied, 266 Conn. 922, 923, 835 A.2d 472, 473 (2003), is controlling in the present matter. *McHenry* applied the standard of review set forth in *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001), to determine whether the trial court abused its discretion by entering a nonsuit as a penalty for the plaintiff's failure to close the pleadings. *McHenry* v. *Nusbaum*, supra, 352. It should be noted, however, that *McHenry* addressed the review of the underlying judgment of dismissal, not the denial of a motion to open filed outside of the twenty day appeal period. Accordingly, a discussion of *McHenry* does not have a place in our current analysis.

[3] General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

"In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *McCarthy* v. *Ward Leonard Electric Co.*, 104 Conn. App. 535, 541, 935 A.2d 189 (2007).

In the present case, the plaintiffs argue that there are two separate grounds on which the court should have found that their failure to file a timely certificate of closed pleadings was the result of a mistake, accident or other reasonable cause. They first argue that their previous counsel had prepared a request for exemption from the docket management program but that if this document does not appear in the court file, it is the result of a mistake. Our review of the record reveals that this request for exemption was not filed with the court. A copy of a request for exemption signed by the plaintiffs' prior counsel is attached to the plaintiffs' motion to reargue but neither party offers any explanation as to how or why this request was not actually filed.[4] Accordingly, we conclude that the court did not abuse its discretion in its determination that the plaintiffs failed to establish the existence of a mistake. See *Moore* v. *Brancard*, 89 Conn. App. 129, 133, 872 A.2d 909 (2005) (concluding that court did not abuse discretion by denying motion to open judgment based on party's "mere inattention" to date of pretrial conference).

---

[4] As there is no evidence that the request for an exemption from the docket management program actually was filed by the plaintiffs' prior counsel, the plaintiffs' reliance on *McHenry* v. *Nusbaum*, 79 Conn. App. 343, 353–54, 830 A.2d 333, cert. denied, 266 Conn. 922, 923, 835 A.2d 472, 473 (2003), is misplaced. The holding of *McHenry* is applicable in cases in which a request for exemption has been filed and was pending at the time of dismissal. This was not the case here.

The plaintiffs also argue that they were in the process of hiring new counsel at the time that the judgment of dismissal was entered and that this serves as a legitimate basis to open the judgment as a result of a mistake, accident or other reasonable cause. In its memorandum of decision denying the motion to open following reargument, the court specifically addressed this ground and concluded that the decision to change counsel at this pivotal time did not constitute reasonable cause. Specifically, the court stated: "If the plaintiffs contemplated seeking new counsel, such decision should have been made with a full understanding of the well documented time standards in place." We agree and, therefore, conclude that the court did not abuse its discretion.

II

The plaintiffs next argue that the court improperly denied their motion to open without first conducting an evidentiary hearing to establish a factual basis for its decision. The plaintiffs sought this hearing in their motion to reargue the court's denial of their motion to open, arguing that "[t]o the extent that the court's denial of the motion to open was based upon or gave credence to any of the defendant's arguments concerning prior counsel's noncompliance . . . there was no evidentiary or factual basis for that decision and an evidentiary hearing was required." On appeal, the plaintiffs maintain that the court's failure to conduct the hearing resulted in a decision devoid of a factual basis and denied them the opportunity to address disputed issues of fact relating to various claims of discovery delays asserted in the defendant's objection to their motion. We disagree, and our reasons are twofold.

First, to the extent that the plaintiffs contend that the court's decision is devoid of a factual basis, we note that it is the plaintiffs' burden to request an articulation

under these circumstances. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 704 n.5, 945 A.2d 927 (2008). The plaintiffs failed to request an articulation of the factual basis for the court's decision and cannot now attack this perceived inadequacy on appeal.

Second, pursuant to General Statutes § 52-212 (a), the party prejudiced by the judgment of nonsuit has the burden of establishing a valid ground to open the judgment. The plaintiffs did not dispute that the certificate of closed pleadings was untimely; rather, they sought to open the judgment on the basis of a purported mistake by prior counsel and their decision to hire new counsel at the time of dismissal. Neither of these grounds implicates the discovery delay issues that the plaintiffs claimed should have been addressed via an evidentiary hearing. Accordingly, we conclude that the court's failure to conduct an evidentiary hearing on these extraneous issues does not amount to an abuse of discretion.

III

The final claim asserted by the plaintiffs is premised on their contention that the defendant waived the right to object to the opening of the judgment of dismissal by participating in depositions after the judgment was entered. This argument is without merit because as we have stated previously, the decision to open a judgment lies within the sound discretion of the court. *McCarthy* v. *Ward Leonard Electric Co.*, supra, 104 Conn. App.

541. Furthermore, the rule of practice on which the plaintiffs rely, Practice Book § 17-4, contemplates the possibility of a waiver to the prescribed time period in which a party could file a motion to open a judgment. As neither party disputes that the plaintiffs' motion to open was filed within the allotted four months, the plaintiffs' argument is misplaced.

The judgment is affirmed.

In this opinion the other judges concurred.