## JOSEPH B. MARION'S APPEAL FROM PROBATE
## (AC 30874)

Flynn, C. J., and Gruendel and Stoughton, Js.

Submitted on briefs December 10, 2009—officially released
February 23, 2010

*Joseph B. Marion*, pro se, the appellant (plaintiff), filed a brief.

*Opinion*

PER CURIAM. This case concerns an appeal from the judgment of the Probate Court for the district of Putnam, which was dismissed for failure to prosecute with reasonable diligence. The pro se plaintiff, Joseph B. Marion, appeals from the judgment of the Superior Court, arguing that the court abused its discretion in denying his motion to open the judgment of dismissal. We affirm the judgment of the Superior Court.

The relevant facts are as follows. In October, 2003, the plaintiff filed with the Probate Court a motion to appoint an administrator for the estate of Lawrence J. Marion, Sr., who died on October 31, 2001. That motion was predicated on his claim of entitlement to certain

funds that, he alleged, the decedent and certain defendants wrongfully had withheld.[1] The Probate Court denied that motion on May 19, 2004.

On November 8, 2004, the plaintiff appealed from that judgment to the Superior Court. Years later, on August 13, 2007, the court issued an order that "if the case is not concluded by [December 31, 2007], then it will be dismissed, unless there is a contest with any defendant pending." Due to subsequent noncompliance with that order, the court dismissed the plaintiff's appeal. The court provided notice of that judgment on July 1, 2008. The plaintiff thereafter filed a motion to open the judgment of dismissal on December 12, 2008. By memorandum of decision filed February 5, 2009, the court denied that motion in light of the plaintiff's untimely filing thereof, and this appeal followed.[2]

Although the plaintiff's brief asserts four distinct claims, the only one properly before us is whether the court abused its discretion in denying his motion to open the judgment. As we previously have explained, "[i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety

---

[1] Named as defendants in the plaintiff's action were Marjorie F. Marion, Lawrence J. Marion, Jr., Robert P. Marion, John P. Marion, Francis E. Marion, Margaret L. Marion, and William E. Marion, as well as the Putnam Probate Court.

[2] Oral argument on this appeal was scheduled for December 10, 2009. On that date, the plaintiff did not appear. We therefore consider the matter on the basis of the record and briefs before us.

of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services*, 113 Conn. App. 290, 293, 966 A.2d 318 (2009). The plaintiff's failure to file his motion to open the judgment within twenty days of the notice of judgment precludes review of his other claims in this appeal.

Confined to the question of whether the court properly denied the plaintiff's motion to open, we first note the applicable standard of review. "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992).

Applying those principles, we cannot say that the court abused its discretion in the present case. Under Connecticut law, "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." General Statutes § 52-212a; see also Practice Book § 17-4. Our Supreme Court has construed § 52-212a as "a limitation on the trial court's general authority to grant relief from a judgment . . . ." *Kim* v. *Magnotta*, 249 Conn. 94, 102, 733 A.2d 809 (1999). That

statute "operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." Id., 104. Because the plaintiff's motion to open was filed more than five months after notice of the court's judgment issued, the court had little choice but to deny the motion. As such, we cannot conclude that the court's determination reflected an abuse of discretion.

The judgment is affirmed.