******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JEREMIAH T. SCHNEIDER III ET AL. *v.*
# MARTHA FEDERMAN
## (AC 47098)

Elgo, Cradle and Clark, Js.*

*Syllabus*

The defendant appealed from the judgment of the trial court denying her motion to open and vacate a default judgment rendered for the plaintiffs in their action for, inter alia, breach of contract. The defendant claimed that the court abused its discretion in denying the motion. *Held*:

The trial court did not abuse its discretion in denying the defendant's motion to open and vacate the default judgment, as the court concluded that the defendant failed to satisfy her burden under either of the prongs set forth in the governing statute (§ 52-212 (a)) and rule of practice (§ 17-43), namely, that a good defense existed at the time the adverse judgment was rendered and that the defense was not at that time raised by reason of mistake, accident or other reasonable cause, and the defendant provided no good basis to disturb that determination.

Argued November 18, 2024—officially released April 8, 2025

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the defendant filed a counterclaim; thereafter, the court, *Shaban J.*, granted the plaintiffs' motion to strike the counterclaim; subsequently, the court, *Shaban, J.*, granted in part the plaintiffs' motion for summary judgment as to liability only; thereafter, the court, *Hon. Barbara Brazzel-Massaro*, judge trial referee, entered a default judgment against the defendant; subsequently, after a hearing in damages, the court, *Shaban, J.*, rendered judgment for the plaintiffs; thereafter, the court, *Shaban, J.*, denied the defendant's motion to open and vacate the judgment, and the defendant appealed to this court. *Affirmed.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*John Giardino*, pro hac vice, with whom were *Robert M. Fleischer*, and, on the brief, *James Stephen O'Brien, Jr.*, for the appellant (defendant).

*Gregory W. Piecuch*, for the appellees (plaintiffs).

*Opinion*

ELGO, J. The defendant, Martha Federman, appeals from the judgment of the trial court denying her motion to open the default judgment rendered in favor of the plaintiffs, Jeremiah T. Schneider III and Sara Papasidero. On appeal, the defendant claims that the court improperly denied that motion. We affirm the judgment of the trial court.

The underlying facts are largely undisputed. The defendant acquired title to real property known as 19 Kellogg Street in Brookfield (property) by way of a quitclaim deed dated May 14, 1979, from Henry A. Federman. On October 5, 2007, the defendant conveyed title to the property to The Federman Trust, of which she was the sole trustee and sole primary beneficiary.

In July, 2020, the plaintiffs and the defendant entered into a contract for the sale of the property and a closing was scheduled for August 28, 2020. Although the plaintiffs fully performed their obligations under the contract, the closing did not occur. On August 31, 2020, the defendant, through her attorney, informed the plaintiffs that she refused to sell the property.

This breach of contract action followed. On March 24, 2023, the trial court granted in part a motion for summary judgment filed by the plaintiffs. In its memorandum of decision, the court concluded, inter alia, that "there is no genuine issue of material fact as to the defendant's liability for breach of contract and that none of the special defenses [raised by the defendant] preclude judgment as a matter of law."

The court subsequently scheduled a pretrial conference for March 29, 2023. When neither the defendant

nor her counsel appeared, the court rendered a default judgment against her and ordered the trial previously scheduled for April 13, 2023, to proceed as a hearing in damages.

Both the defendant and her counsel failed to appear at the hearing in damages, which proceeded as scheduled on April 13, 2023. The plaintiffs called three witnesses at that hearing and submitted the defendant's responses to requests for admissions and a dozen exhibits in support of their claim for damages. At the request of the court, the plaintiffs filed a posthearing brief on May 11, 2023. A copy of that brief was delivered to the defendant's counsel of record, Attorney James Stephen O'Brien, Jr.[1] The defendant nonetheless took no action whatsoever over the next three months.

The court issued its memorandum of decision on August 9, 2023, in which it found that the plaintiffs had proven a total of $234,180.80 in damages.[2] The court

[1] On December 16, 2022, Attorney O'Brien filed an application to permit John Giardino, an attorney licensed to practice law in the state of New York, to appear pro hac vice on behalf of the defendant in the present case. The record indicates that the court never ruled on the pro hac vice application and the court, in ruling on the defendant's motion to open and vacate, specifically found that "no action was ever taken by [the defendant's] counsel of record to have the court act on [that] application."

Moreover, even if that application had been granted, Attorney Giardino would not have been authorized to appear before the Superior Court without Attorney O'Brien. When an application to appear pro hac vice is granted, Practice Book § 2-16 requires in relevant part that "a member of the bar of this state must be present at all proceedings . . . and must sign all pleadings, briefs and other papers filed with the court . . . and assume full responsibility for them and for the conduct of the cause or proceeding and of the attorney to whom such privilege is accorded. . . ." In accordance with that directive, Attorney O'Brien attested on the application for pro hac vice admission that he would "[b]e present at all proceedings" in this case.

[2] The court found that the plaintiffs had proven $1914 in out-of-pocket expenses, $55,416.80 in litigation fees and expenses, and $176,850 in damages for the loss of available financing due to a significant rise in interest rates between the August 28, 2020 closing date and the date of the hearing in damages.

also awarded the plaintiffs postjudgment interest pursuant to General Statutes § 37-3a at the rate of 4 percent per annum and found, "[b]ased on the overall circumstances of this case," that "the principles of equitable conversion are appropriate and that the plaintiffs should be declared to be the equitable owners of the property." By way of relief, the court ordered "the defendant [to] specifically perform the terms of the contract by selling the property to the plaintiff for the agreed upon sales price of $600,000 less any final award of damages found by the court. . . . Such an order will also allow the plaintiffs to secure the benefit of the rise in property values since the date of the breach of contract which they would have had but for the breach. Any other order would potentially allow the defendant to profit from her own breach by selling the property to a third party at higher price in order to pay the judgment."[3] (Footnote omitted.)

The defendant did not file an appeal to challenge the propriety of the court's August 9, 2023 judgment in accordance with Practice Book § 63-1.[4] Two months later, the defendant filed a motion to open and vacate pursuant to General Statutes § 52-212 (a) and Practice Book § 17-43,[5] in which she sought to set aside that

[3] The court's order in this regard states: "The defendant is to specifically perform the terms of the contract. The defendant, and/or her successors and assigns, shall within sixty days of the entry of this judgment, convey to the plaintiffs marketable title to the property in accordance with the terms of the contract and all local closing customs. The total amount of money damages shall be deducted as a credit against the amount otherwise due from the plaintiffs to the defendant at closing."

[4] Practice Book § 63-1 (a) provides in relevant part that, "[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

[5] General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which the notice of judgment or decree was sent, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause . . . and that the plaintiff or defendant was prevented by mistake, accident, or other reasonable cause from prose-

judgment. In her motion, the defendant argued that (1) "counsel was prevented from appearing before the court due to a reasonable cause" and (2) a good cause defense existed because "the judgment on interest was obtained as a result of improper evidence."[6] The plaintiffs filed an objection to the defendant's motion to open and vacate, and the court scheduled a hearing for October 30, 2023.

At the outset of that hearing, the defendant's counsel, Attorney O'Brien, stated: "Let me start by apologizing to the court, to the plaintiffs, and to [the plaintiffs' counsel] for my absence at the April damages hearing.

cuting the action or making the defense."

Practice Book § 17-43 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

[6] More specifically, the defendant argued that the evidence presented at the hearing in damages was insufficient to establish the damages awarded by the court for the loss of available financing. As the defendant stated: "During the damages hearing, [the plaintiffs] introduced evidence that included a commitment letter from TD Bank dated August, 2020, suggesting they had secured a thirty year mortgage for $480,000 at a fixed rate of 2.875 percent with zero points. Additionally, they presented new testimony from a loan officer, John Mascolo, asserting that mortgage interest rates had risen to 6.875 percent as of the date of the hearing. [They] argued that their damages should be calculated based on the difference between the 2020 mortgage rate and the rate at the time of the hearing. That argument is simply incorrect because [the plaintiffs] provided *no* . . . evidence they had secured any mortgage at any rate or, indeed, that they were in the process of obtaining a mortgage. Without actual proof of mortgage application and approval, the claimed damages were speculative and hypothetical rather than actual. . . . It appears that [the plaintiffs] have sought to artificially inflate their damages through the introduction of this questionable evidence, potentially misrepresenting the true nature of their financial arrangements. That compromises the credibility of their claims." (Emphasis in original.)

I am the attorney of record. I was in a weeklong trial in upstate New York. I was operating under the mistaken assumption that my law partner, Attorney Giardino, would arrange a continuance of that. As I say, I was mistaken. It was my obligation to arrange for the continuance, I failed to do that, and I apologize for that mistake . . . .'' Attorney O'Brien also indicated that the defendant's only disagreement with the court's August 9, 2023 judgment concerned the damages awarded by the court for the loss of available financing, which he claimed were ''not justified by any damage that [the] plaintiffs have suffered.''

In response, the plaintiffs' counsel argued that the procedural posture of the case precluded the defendant's attack on the sufficiency of the evidence adduced at the hearing in damages. Counsel also stated that ''matters of attorney negligence are not mistake, accident, or other reasonable cause, and while we appreciate the apology of [Attorney] O'Brien, the simple fact of the matter is he knew about the hearing in damages. . . . I personally emailed him the court's . . . order indicating that it was set down for [April 13, 2023]. If [the] defendant's counsel didn't file a motion for continuance, yes, that's his fault, that's not mistake, it's not reasonable cause, it's negligence. . . . [T]hat's not a basis to open.'' By order dated October 31, 2023, the court denied the defendant's motion to open and vacate, and this appeal followed.

On appeal, the defendant claims that the court improperly denied her motion to open and vacate the default judgment. We disagree.

''A motion to set aside a default judgment is governed by Practice Book § 17-43 and . . . § 52-212. . . . To open a judgment pursuant to Practice Book § 17-43 (a) and . . . § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time

an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy [that] two-pronged test . . . . [B]ecause the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Internal quotation marks omitted.) *Nationstar Mortgage, LLC* v. *Giacomi*, 226 Conn. App. 467, 479, 319 A.3d 794 (2024).

Appellate review of a ruling on a motion to open a default judgment is governed by the abuse of discretion standard. See *Ruddock* v. *Burrowes*, 243 Conn. 569, 571 n.4, 706 A.2d 967 (1998). "Because opening a judgment is a matter of discretion . . . [t]he exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, [an appellate] court must make every reasonable presumption in favor of its action." (Footnote omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94–95, 952 A.2d 1 (2008).

We first consider whether the defendant has met her burden of demonstrating that a good defense existed. To be sure, the defendant raised fourteen special defenses in responding to the plaintiffs' complaint. In rendering summary judgment in favor of the plaintiffs as to liability, the court expressly found that "none of the special defenses preclude judgment as a matter of law." On appeal, the defendant does not claim that any of those special defenses are germane to the issues raised at the hearing in damages.

Instead, she argues that the evidence adduced at the April 13, 2023 hearing was insufficient to establish the damages awarded by the court for the loss of available financing. See footnote 6 of this opinion. That contention is unavailing in light of the procedural posture of this case. "[I]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Marion's Appeal from Probate*, 119 Conn. App. 519, 520–21, 988 A.2d 390 (2010).

To contest the sufficiency of the evidence underlying the court's finding that the plaintiffs sustained financing related damages, the defendant was required to either (1) file a timely appeal from that August 9, 2023 judgment or (2) file her motion to open and vacate within the twenty day period specified in Practice Book § 63-1 (a). She did neither. We therefore conclude that the defendant's failure to file her motion to open and vacate within twenty days of the notice of the August 9, 2023 judgment precludes review of her claim that the court improperly awarded damages to the plaintiffs for the loss of available financing. See *Dziedzic* v. *Pine Island Marina, LLC*, 143 Conn. App. 644, 651, 72 A.3d 406 (2013).

Even if we were to conclude otherwise, the defendant still could not prevail. To succeed on her claim that the court abused its discretion in denying the motion to open and vacate, the defendant also had to demonstrate that she was prevented from raising a good defense at the April 13, 2023 hearing due to "mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *Nationstar Mortgage, LLC* v. *Giacomi*, supra, 226 Conn. App. 479.

In her principal appellate brief, the defendant argues that she had reasonable cause for not attending the April 13, 2013 hearing in damages because "Attorney O'Brien was on trial" in New York on that date. In its order denying the defendant's motion to open and vacate, the court specifically found that "the defendant had counsel of record at the time of the hearing, that counsel had notice of the hearing and that counsel did not appear at the hearing." The court further found that "no motion for continuance was ever filed by counsel or other request made of the court to address the issue." Those factual findings are supported by the record before us and, hence, are not clearly erroneous. See *Bridgeport* v. *Grace Building, LLC*, 181 Conn. App. 280, 301, 186 A.3d 754 (2018).

As our courts repeatedly have observed, "[n]egligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." (Internal quotation marks omitted.) *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003); see also *Disturco* v. *Gates in New Canaan, LLC*, 204 Conn. App. 526, 533–34, 253 A.3d 1033 (2021) ("a defendant's negligence does not constitute reasonable cause for failing to appear"); *Dziedzic* v. *Pine Island Marina, LLC*, supra, 143 Conn. App. 653 ("negligence

cannot establish the requisite reasonable cause to open a judgment"); *Postemski* v. *Landon*, 9 Conn. App. 320, 326, 518 A.2d 674 (1986) ("[the defendant's] failure to appear was not untainted by negligence or inattention"); *Pelletier* v. *Paradis*, 4 Conn. Cir. 396, 399–400, 232 A.2d 925 (1966) ("[t]he defendant's failure to appear and assert his defense . . . was not due to any mistake, accident or other reasonable cause, unmixed with negligence or inattention, so as to constitute a sufficient reason to warrant the opening of the judgment"), cert. denied, 154 Conn. 745, 226 A.2d 520 (1967). Attorney O'Brien failed to appear at both the March 29, 2023 pretrial conference and the April 13, 2023 hearing in damages, and failed to request a continuance from the court at any time. At the hearing on the motion to open and vacate, Attorney O'Brien apologized for his absence, stating: "It was my obligation to arrange for the continuance, I failed to do that, and I apologize for that mistake . . . ." In light of those undisputed facts, the court reasonably could find that Attorney O'Brien's failure to appear at the April 13, 2023 hearing was due to negligence and inattention on his part.

On appeal, the defendant suggests that Attorney O'Brien was not acting as the defendant's legal counsel in light of his filing of an application to permit Attorney John Giardino to appear pro hac vice. See footnote 1 of this opinion. The defendant's representations in this regard are troubling, particularly her assertion in her appellate reply brief that "Attorney Giardino, *from the beginning of his representation of the* [d]*efendant*, made clear to [the plaintiffs'] counsel that *he was handling the matter*, eliminating any confusion regarding representation." (Emphasis added.) To be clear, Attorney Giardino never has been authorized to appear on behalf of the defendant in a pro hac vice capacity before the Superior Court and thus could not properly participate in the proceedings before that court. For that reason, Attorney O'Brien stated at the conclusion of the

October 30, 2023 hearing on the motion to open and vacate that "it was [his] obligation to arrange for a continuance [of the hearing in damages] and that is notwithstanding and irrespective of the pro hac [vice] motion . . . ."

In denying the motion to open and vacate, the court concluded that the defendant had failed to satisfy her burden under either of the two prongs set forth in § 52-212 (a) and Practice Book § 17-43. The defendant in this appeal has provided no good basis to disturb that determination. We therefore conclude that the court did not abuse its discretion in denying the defendant's motion to open and vacate.

The judgment is affirmed.

In this opinion the other judges concurred.