******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## MARK BUSCHMANN, TRUSTEE, ET AL. *v.* CONNECTICUT SITING COUNCIL ET AL. (AC 48168)

Clark, Seeley and Palmer, Js.

*Syllabus*

The plaintiffs appealed from the Superior Court's judgment denying their motion to open the court's judgment sustaining their appeal from the defendant Connecticut Siting Council's decision to approve an application for a certificate of environmental compatibility and public need for the construction of a cell phone tower. The plaintiffs filed their motion to open after the newly constituted council, on remand, unanimously approved the application without holding a new public hearing. They claimed that the court abused its discretion in denying their motion to open because the court's memorandum of decision did not adequately specify the manner in which the council was to proceed on remand. *Held*:

The trial court did not abuse its discretion in denying the plaintiffs' motion to open, as the plaintiffs failed to establish a compelling reason to grant the motion.

Argued September 10, 2025—officially released April 28, 2026

*Procedural History*

Appeal from a decision by the named defendant approving an application for a certificate of environmental compatibility and public need for the construction of a cell phone tower filed by the defendant Homeland Towers, LLC, et al., brought to the Superior Court in the judicial district of New Britain and tried to the court, *Budzik, J.*; judgment sustaining the plaintiffs' appeal; thereafter, the court, *Budzik, J.*, denied the plaintiffs' motion to open the judgment, and the plaintiffs appealed to this court. *Affirmed*.

*David F. Sherwood*, for the appellants (plaintiffs).

*Robert L. Marconi*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (named defendant).

*Brendan M. Goodhouse*, with whom was *Christopher B. Fisher*, for the appellees (defendant Homeland Towers, LLC, et al.).

*Opinion*

PALMER, J.  In this case involving an administrative appeal from an adverse decision of the defendant Connecticut Siting Council (council), the plaintiffs, Mark Buschmann and Jamie Buschmann, as trustees, and Mark Buschmann, as an intervenor pursuant to General Statutes § 22a-19,[1] appeal from the decision of the trial court, *Budzik, J.*, denying their motion to open the judgment of the court.  After the court rendered judgment sustaining the plaintiffs' appeal from the decision of the council approving the application of the defendants Homeland Towers, LLC, and New Cingular Wireless PCS, LLC, doing business as AT&T (applicants),[2] for a certificate of environmental compatibility and public need (certificate) for the construction of a cell phone tower in New Canaan and remanded the case to the council for further proceedings, the plaintiffs moved to open the judgment because, they maintained, the court had not adequately specified the manner in which the council was to proceed on remand.  We conclude that the court did not abuse its discretion in denying the motion to open and, consequently, we affirm the judgment of the court.

The following undisputed facts are relevant to our resolution of this appeal.  On May 6, 2022, the applicants filed an application with the council for a certificate for the construction and operation of a wireless telecommunications tower on certain real property in New Canaan. The plaintiffs own real property abutting the site and, if the application were approved, they would have an unobstructed view of the proposed 115 foot cell phone tower, designed to resemble a pine tree.  After the council

[1] General Statutes § 22a-19 (a) (1) provides in relevant part: "In any administrative . . . proceeding . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[2] Cellco Partnership, doing business as Verizon Wireless, was also named as a defendant in the plaintiffs' complaint.  Cellco Partnership, however, did not participate in the present appeal.

granted the plaintiffs' petition to participate as parties in the application proceedings, they moved to dismiss the application for lack of jurisdiction, claiming that the council was not properly constituted. The council denied the motion to dismiss.

On December 8, 2022, following a public hearing, the council approved the application. Thereafter, the plaintiffs appealed from the decision of the council to the Superior Court pursuant to General Statutes § 4-183, claiming, inter alia, that, when the application was approved, the council was not properly constituted in accordance with the dictates of General Statutes (Rev. to 2021) § 16-50j (b),[3] which governs the composition of the council's membership. The trial court issued a memorandum of decision on May 6, 2024, agreeing with the plaintiffs, explaining that, under § 16-50j (b) (4),[4] no more than one of the five members of the council appointed by the governor may have a past or present affiliation with a utility or a utility regulator, and the record revealed that, contrary to the requirements of § 16-50j (b) (4), two of the members who participated in the decision of the council approving the application had past affiliations with a utility or a utility regulator. Accordingly, the court concluded that "the council was not properly constituted when it acted on the application. The [council] was therefore without statutory authority to act on the application, and the [council's] decision approving the application is invalid." The court sustained the plaintiffs' appeal and remanded the matter "back to the council for proceedings consistent with this memorandum of decision and § 16-50j (b)."

---

[3] In this opinion, all references to § 16-50j are to the 2021 revision of the statute.

[4] At that time, General Statutes (Rev. to 2021) § 16-50j (b) (4) provided in relevant part that the council shall consist of, inter alia, "five members of the public, to be appointed by the Governor, at least two of whom shall be experienced in the field of ecology, and not more than one of whom shall have affiliation, past or present, with any utility or governmental utility regulatory agency . . . ."

Although applicable to the present case, that provision of § 16-50j (b) has since been amended. See Public Acts 2024, No. 24-144, § 2.

On May 20, 2024, the plaintiffs filed a motion for clarification. In support of the motion, the plaintiffs explained that they had received a memorandum dated May 17, 2024, from the council's executive director indicating that the council, newly constituted in accordance with the requirements of § 16-50j (b) (4), intended to vote on the application without first conducting a new public hearing. The plaintiffs requested "that the court clarify its [May 6, 2024] decision to confirm that, if the . . . applicants so request, a new hearing on the application which is the subject of this [administrative] appeal is to held by a properly constituted . . . council."[5] On June 18, 2024, the court denied the motion, stating as follows. "The court has no authority to issue orders based on contingent future events that have not occurred and may never occur. To the extent the moving parties believe their rights are violated by any future action by the defendant [council], they may take any action otherwise authorized by law. The court's memorandum of decision is otherwise clear on its face."

On August 5, 2024, the plaintiffs filed a motion to open the court's May 6, 2024 decision. In the motion, the plaintiffs informed the court that, on August 1, 2024, the council, on remand, unanimously approved the application without holding a new public hearing. The plaintiffs further stated that the court's decision "requires not only that the . . . council hold another vote on the . . . applicants' certificate application, but also that it conduct a new public hearing on the application with a properly constituted membership" because "[a]n improperly constituted siting council is improperly constituted to hold a public hearing and take evidence in a contested case just as it is improperly constituted to make a decision and issue an order." On the basis of this argument, the plaintiffs requested that the court

---

[5] The plaintiffs' motion for clarification also requested "that the court expedite any hearing on this motion because the defendant . . . council's May [6], 2024 memorandum which prompted this motion suggests that the . . . council's vote to reaffirm its decision is imminent, after which the plaintiffs' only recourse will be to file a new appeal."

open the judgment, vacate the council's August 1, 2024 decision granting the application, and order that the council conduct a new public hearing before voting on the application.

Following a hearing, the court denied the plaintiffs' motion to open on October 31, 2024. At the hearing, the court explained its reasoning as follows. "What happened after, or what ought to happen after I remanded back on that basis, I did not rule upon. That issue was not presented to me. I didn't rule upon it. To be clear, and I don't want to put any additional gloss on the four corners of my decision, but, as I said, to the extent that the plaintiffs are trying to reopen the case because the council violated my remand order, I'm going to deny that relief because I did not require the council to do anything in particular in the remand. Whether or not what the council did, in fact, do on remand I express no opinion on as to whether or not that complied with whatever law or procedures may apply in this circumstance. That is not something that I considered as part of my original memorandum [of] decision and I—particularly, if there's a second appeal, which I can only presume may come to me, as I said, I express no opinion as to whether or not whatever occurred before the [council] after things got down to the [council] complied with whatever law may apply to those circumstances. Candidly, I don't know. I will tell you that's one reason I didn't put any additional orders on, because I didn't know what the next steps ought to be . . . ." This appeal followed.[6]

On appeal, the plaintiffs claim that "[t]he court's [memorandum of] decision requires not only that the . . .

_____

[6] After the council approved the applicants' certificate application on August 1, 2024, without holding a new hearing, the plaintiffs filed a second administrative appeal with the Surperior Court challenging the propriety of that approval, claiming, among other things, that the newly constituted council was required to hold a new hearing before voting on the application. On October 16, 2025, the court, *Welch, J.*, issued a memorandum of decision rejecting the plaintiffs' claims, including their claim that they were entitled to a new hearing, and dismissed the appeal. The plaintiffs appealed from the judgment of dismissal to this court, and that appeal is currently pending. Because the plaintiffs'

council hold another vote on the defendant applicants' certificate application, but also that it conduct a new public hearing on the application with a properly constituted membership." More specifically, the plaintiffs argue that a new public hearing is a "necessary consequence" of the court's remand of the case to a newly constituted council because any action by the council as previously constituted, including the public hearing previously conducted by the council, was "void ab initio and without legal effect."

Before addressing the plaintiff's argument, we briefly set forth the well settled principles that govern appellate review of a denial of a motion to open. "Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is good and compelling reason for its modification or vacation. . . . The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . We do not undertake plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude

motion to open in their first administrative appeal seeks a decision on an issue that already has been decided in their second administrative appeal, the law of the case doctrine, although not raised by the parties, is implicated. See, e.g., *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 308 Conn. 312, 322, 63 A.3d 896 (2013) ("The law of the case doctrine expresses the practice of judges generally to refuse to reopen what [already] has been decided. . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored." (Internal quotation marks omitted.)). In view of our conclusion rejecting the plaintiffs' claim with respect to their motion to open, however, we need not consider the law of the case issue.

as it did." **(**Citation omitted; internal quotation marks omitted.**)** *McGovern* v. *McGovern*, 217 Conn. App. 636, 645–646, 289 A.3d 1255, cert. denied, 346 Conn. 1018, 295 A.3d 111 **(**2023**).**  Applying these principles to the plaintiffs' claim in the present case, it is apparent that they cannot establish that the court abused its discretion in denying their motion to open.

First, the plaintiffs could have raised the issue of a new public hearing prior to the issuance of the memorandum of decision, but they failed to do so, raising it for the first time in their motion for clarification.  For that reason, the court did not address the issue and, as the court explained at the hearing on the motion to open, intentionally provided no direction to the council on remand except with respect to the composition of the council.  Furthermore, upon learning that the court had not addressed the issue in its memorandum of decision, the plaintiffs could have challenged the adequacy of the court's remand order on appeal to this court, but they instead elected to file a motion for clarification and, subsequently, the motion to open.  Finally, and significantly, the court was well aware that the plaintiffs would be fully entitled to raise their claim concerning the requirement of a new public hearing in an administrative appeal from the decision of the council following remand—a course of action that the plaintiffs subsequently took—thereby obviating any concern that the plaintiffs would not be heard on their claim unless the motion to open was granted.[7]  Consequently,

[7] In this regard, because the plaintiffs did not file their motion to open within the twenty day appeal period, we will not undertake a review of the merits of the court's decision.  "[I]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . .  When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . .  This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend

the court acted well within its discretion in concluding that the plaintiffs failed to establish a good reason, let alone a compelling one, to grant the motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.

---

the time to appeal." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 293, 966 A.2d 318 (2009).